PALMER (UNITED STATES v.). See Case No. 15,989.

---

## Case No. 10,698.

### PALMER v. WARREN INS. CO.

[1 Story, 360;[1] 4 Law Rep. 98.]

Circuit Court, D. Massachusetts. Oct., 1840.

MARINE INSURANCE— EXCEPTIONS IN POLICY— CONSTRUCTION.

1. Words of exception in any instrument are to be construed most strongly against the party, for whose benefit they are intended, and this rule is applied to words of exception in policies of insurance.

[Cited in Airey v. Merrill, Case No. 115; Wright v. Sun Mut. Ins. Co., Id. 18,095; Phenix Ins. Co. v. Wilcox & Gibbs Guano Co., 65 Fed. 728.]

[Cited in brief in Dole v. New England Mut. M. Ins. Co., 88 Mass. [6 Allen] 378. Cited in Parkhurst v. Gloucester Mut. Fish. Ins. Co., 100 Mass. 306; Chandler v. St. Paul F. & M. Ins. Co., 21 Minn. 88. Cited in brief in St. Louis Ins. Co. v. Kyle, 11 Mo. 288. Cited in Hoffman v. Aetna Fire Ins. Co., 32 N. Y. 414. Cited in brief in Bradley v. Mutual Ben. Life Ins. Co., 45 N. Y. 424; Torrence v. Conger, 46 N. Y. 344. Cited in United States Mut. Acc. Ass'n v. Newman, 84 Va. 59, 3 S. E. 805; Carson v. Jersey City Ins. Co., 43 N. J. Law, 304.]

2. But this rule of interpretation is subservient to another,—"Verba intentioni, non è contra, debent inservire."

[Cited in brief in Wales v. China Mut. Ins. Co., 90 Mass. [8 Allen] 383. Cited in Bradley v. Nashville Ins. Co., 3 La. Ann. 708; McLaughlin v. Atlantic Mut. Ins. Co., 57 Me. 172; Wilkins v. Tobacco Ins. Co., 30 Ohio St. 337.]

3. Policies of insurance are always construed liberally, and rarely, if it is possible, subjected to any critical strictness, or any technical interpretation.

[Cited in Bradley v. Nashville Ins. Co., 3 La. Ann. 708.]

4. Where a policy of insurance on time contained the following clause: "Excluding during the term, all ports and places in Mexico and Texas, also the West Indies, from July 15th to October 15th, 1839, each at noon;" and the vessel sailed from New York for, and arrived at St. Jago de Cuba, within the excluded period, and was lost on her return in December following,—it was *held* that the underwriters were liable, the loss not happening within the excepted period, and the clause in the policy not being an exception or exclusion of voyages, but only a suspension of the risk during such time, as the vessel should be at the excepted ports.

[Cited in Dole v. New England Mut. M. Ins. Co., Case No. 3,966; New Haven Steam Saw-Mill Co. v. Security Ins. Co., 9 Fed. 784.]

[Cited in Odiorne v. New England Mut. M. Ins. Co., 101 Mass. 554. Cited in brief in Cory v. Boylston F. & M. Ins. Co., 107 Mass. 144; Webb v. Protection and Aetna Ins. Cos., 14 Mo. 7.]

[1] [Reported by William W. Story, Esq.]

Assumpsit on a policy of insurance. The case came before the court upon an agreed statement of facts to the following effect: The plaintiff, on the 1st day of May, 1839, procured a policy of insurance to be underwritten by the defendants, viz.: "Two thousand dollars, on one half of the brig Spy, for the term of one year from this 1st day of May, 1839, at noon, excluding during the term all ports and places in Mexico and Texas, also the West Indies from July 15th to October 15th, 1839, each at noon; the brig valued at $4,500, at a premium of 11 per cent., to add one half per cent. each passage; her cargo is coal, stone, or lime; or that she proceeds to or from a port in North Carolina, within Ocracock Bar." The policy contained the usual risks and clauses in the Boston policies. The declaration was for a loss by the perils of the seas. It was agreed by the parties, that the question, as to the liability of the defendants, should be decided by the court, before the case was submitted to a jury on the merits.

On behalf of the plaintiff, it was contended that the question was solely one of construction upon that clause of the policy, excluding the West Indies. That it should be construed as an exception of certain risks during a certain time, and not as an exclusion of particular voyages. And, that the exception only operated as a suspension of all risk on the part of the insurance company during the time, at which the vessel was at particular ports and places. That, inasmuch as this was an exception, that is, a particular intent against a general intent, it was to be taken strictly against those, who set it up, and in favor of the general intent. 2 Barn. & C. 207; 6 Barn. & C. 847, 850; 6 Cromp. & J. 224. It was contended, also, that the doctrines relating to deviation were not applicable to the present case, there being no insurance on a particular voyage, or particular voyages. The purpose was to effect a complete and comprehensive insurance against all voyages, with certain exceptions, and the burden of proof is on the insurers to bring themselves within the exception, in order to render the plaintiff liable. Roget v. Thurston, 2 Johns. Cas. 248; Phil. Ins. 459, 482, 731, 733.

On behalf of the defendants it was contended, that the effect of the exclusion was to terminate and avoid the policy, from the time, when the brig went to the West Indies in the prohibited months. 1 Phil. Ins. 43; 2 Kent, Comm. 552. That an exception in any contract is always to be taken most strictly against the party, acting under the most knowledge, and having the power to come under the exception, or not. That the clause of exception amounted to a warranty, which had been broken. That no precise form of words is necessary, but any direct or incidental allegation, affecting the risk, will constitute a warranty; and that, whether it is express or implied, it must be strictly com-

plied with. Pawson v. Watson, Cowp. 785; Mackie v. Pleasants, 2 Bin. 363; 1 Phil. Ins. 347. That there was a deviation in the present case, growing out of a change and increase of the risk; and even if it should appear, that the risk was not increased, still the mere change constituted such a deviation, as to avoid the policy. That, when there is any exception or exclusion in a policy, the insured must show, that the excepted risk did not contribute to the loss. Roget v. Thurston, 2 Johns. Cas. 248.

Rufus Choate, for plaintiff.
Theophilus Parsons, for defendants.

STORY, Circuit Justice. The questions involved in the argument of the present case are of considerable novelty, and certainly are not unattended with difficulty. The policy is upon the brig Spy, for a year, "excluding during the term all ports and places in Mexico and Texas, also the West Indies from July 15th to October 15th, 1839, each at noon." During the year 1839, the vessel performed a voyage from Boston to St. Joseph's (Florida), and from thence to the Havana, and thence to New York. On the 12th of September, 1839, she sailed on a voyage from New York to St. Jago de Cuba, arrived there about the 1st of October, and sailed from thence on her return voyage to New York, on the 25th of October, and was wrecked on the 15th of December following, on a beach in Eaton's Bay, in Long Island Sound. The loss, for which the suit is brought, is that occasioned by this shipwreck.

Now, upon this posture of the case, the question is, whether the insurance company are liable for the loss; and this depends upon the interpretation, which is to be put upon the terms of the policy. The loss occurred in the progress of the return voyage from the West Indies, within the year, for which the insurance was made, and without the limitation of the time, excluded by the policy (between July 15th and October 15th, 1839). The terms of the policy are susceptible of various interpretations. The clause of exclusion may be construed, first, to be a condition or warranty on the part of the insured, that the brig, during the year, shall not be employed in any voyages to or from any port or places in Mexico, Texas, or to or from the West Indies between July 15th and October 15th; upon which construction, it is clear, that the underwriters would not be liable for the loss, which has occurred. And this would be equally true, whether we should treat it as a case of non-compliance with the condition of warranty, or as a deviation from the voyages insured. Or, secondly, the clause may be construed as allowing such voyages to and from Mexico, Texas, and the West Indies, during the excluded period, but exonerating the underwriters from all risks and liabilities for losses in the course thereof; which, in the events,

which have happened, would be equally fatal to the recovery in this suit, since the loss was in the course of the voyage from the West Indies, which was begun, although not completed, within the excepted period. Or, thirdly and lastly, the clause may be construed, as merely excepting from the operation of the policy certain risks and losses, viz. all risks and losses in ports and places in Mexico and Texas, and in the West Indies between July 15th and October 15th, 1839. In this last view, the policy would be completely operative, and cover the present loss, since it would not fall within the excepted risks. The defendants, in effect, contend, that the true import of the terms of the policy requires and justifies one or the other of the two first interpretations. The plaintiff, on the other hand, insists, that the third and last is the only true and sound interpretation. It has become the duty of the court, therefore, in a case, in which it is admitted on all hands, that there is no authority directly in point, to endeavour to ascertain, as far as it may, the real intention of the parties in the language used, and to give such an interpretation, as seems most consonant to that intention and to the general principles of law.

In the argument, it has been thought of some importance, in the construction of the clause, to ascertain, if there is any ambiguity in the language used, what is the rule of law, as applicable to this case, by which instruments of all sorts, and particularly policies of insurance are to be construed. I take the rule to be clearly established, as a general rule, that words of exception in any instrument, are to be construed most strongly against the party, for whose benefit they are introduced; and this rule has beeen expressly applied to words of exception in policies of insurance, as well in England, as in this court. Blackett v. Royal Exchange Assur. Co., 2 Cromp. & J. 244; Donnell v. Columbian Ins. Co. [Case No. 3,987]. See, also, Earl of Cardigan v. Armitage, 2 Barn. & C. 197, 206; Bullen v. Denning, 5 Barn. & C. 847, 850, 851. "Verba fortius accipiuntur contra proferentem." Now, for whose benefit are these words introduced? Clearly for the benefit of the underwriters, as they are to relieve them from risks, for which they would otherwise be liable under the general words of the policy. They are not, in form, or in substance, the words of the insured; but words of exception, used by the underwriters, to exempt them from a liability from the general rule, which would otherwise attach upon them during the whole term of time, for which the policy was to endure. The language of the supreme court of the United States, in construing an exception in the policy of insurance in Yeaton v. Fry, 5 Cranch [9 U. S.] 335, is strongly in point, as to the proper construction of the present policy. The court there treated the words of the exception, as the words of the underwriters, and not of the

insured, because they took a particular risk out of the policy, which, but for the exception, would be comprehended in the contract. So far, then, as the rule is to prevail upon the present occasion, it is unfavorable to the defendants. But it by no means follows, that it supersedes all other rules of construction; for there is another rule to be observed: "Verba intentioni, non è contra, debent inservire." Co. Litt. 36. Another suggestion has been made, founded upon the grammatical sense of the words. It is said by the counsel on behalf of the plaintiff, that the clause in question is to be construed as an exception, and, therefore, equivalent to "excepted risks." This is met, on the other side, by the remark, that the word used is "excluding," and not "excepting," and that, in a grammatical sense, to exclude means to shut out, and not to except; and, therefore, excluding is rather prohibiting. It is certainly true, that in lexicographies, the word "exclude" has not ordinarily given to it, as one of its meanings, to "except." But nevertheless we shall find, that one of the senses given to the word "except," is to "exclude." And in common parlance, the words are often used as equivalents. Policies of insurance are generally drawn up in loose and inartificial language, and, indeed, in the language of common life, and, therefore, are always construed liberally, and ·rarely, if it is possible, subjected to any nice, or narrow, or critical strictness, or any technical interpretation. We look rather to the intent, than to grammatical accuracy in the use of language. If a policy of insurance were underwritten for a year on a ship, excluding the month of October, we should say, that it was but an exception of that month. If a policy was on all the cargo on board a ship, excluding the fruit on board, we should deem it a mere exception of the fruit. On the other hand, if the words were, excepting the fruit on board, we should as readily say, that the fruit was excluded from the risks stated by the policy. But in neither case should we say, that fruit was prohibited from being taken on board in the voyage. It does not appear to me, therefore, that any difficulty in the interpretation of the clause arises from any grammatical inaccuracy in the use of language. It will make no difference, in my judgment, in the present case, whether the word "excluding," in this policy, is interpreted in its more common sense of shutting out, or in the sense of "excepting," although I have no doubt, that the latter is the true and appropriate sense in the clause of the policy under consideration.

I confess, that I have felt some difficulty in arriving at a satisfactory conclusion as to the true and proper interpretation of this clause. I have no doubt, that the word "excluding" is not here used in any sense, which makes the clause amount to a warranty, or to a condition, or to a prohibition. The language does not, in my judgment, justify such a construction. It is not the fair import of the terms, and to arrive at it, we must force them out of their natural signification by an artificial straining. In Yeaton v. Fry, 5 Cranch [9 U. S.] 335, 341, a similar attempt was made to construe an exception in the policy to be a warranty; but it was rejected by the supreme court of the United States. My difficulty is of another sort. It is, whether the clause amounts to an exception of voyages, or an exception of risks. Construe it as an exception of voyages, and it will read, as if written thus: "Excepting during the term all voyages to and from all ports and places in Mexico and Texas, also the West Indies, from July 15th to October 15th, 1839, each at noon." On the other hand, construe it, as an exception of risks, and it will read, as if written thus: "Excepting all risks in all ports and places in Mexico and Texas, also in the West Indies, from July 15th to October 15th, each at noon." After some hesitation, I have come to the conclusion, that the latter is the true and the natural and the easiest interpretation of the clause; and that it will satisfy the intention of the parties, so far as we can gather it from the words, or apparent objects of the policy.

My reasons for this conclusion I will now proceed shortly to state. In the first place, it is a well known fact, that greater risks ordinarily occur in ports and places in Mexico and Texas, either from the character of the harbours, or that of the government, than in other ports. The same remark applies to the West Indies, during what are commonly called the hurricane months, which are between the middle of July and the middle of October. It is not unnatural, therefore, to expect, under such circumstances, either that such risks should be excluded, or that a higher premium should be paid. I entirely, therefore, accede to the argument, so strongly pressed in the present case, that the exception did cause a diminution of the premium, and without it the company would not have underwritten at all, or not without a higher premium. The words, then, in effect, in my view, are words of exception or exclusion of what would otherwise be comprehended in the general terms of the policy. The policy is for the term of a year. The natural construction, then, of the exception is, that it excepts something already included. It is, then, an exception or exclusion of time, and not an exclusion of voyages; for no voyages are mentioned. The words are "excluding during the term." If the intention had been, in the first part of the clause, to exclude all voyages to or from ports and places in Mexico and Texas, we should naturally have expected the word "voyages," to be inserted in this very connexion. But if it was intended only to exclude time, then the words stand well enough without any additional words; and their import is to exclude during the term all the time, passed in ports and places in Mexico and Texas. But even if this part

of the clause should be construed to exclude voyages to and from Mexico and Texas during the year insured, it would not follow, that the other part of the clause is to receive the same interpretation. In the case of Yeaton v. Fry, 5 Cranch [9 U. S.] 335, 341, the supreme court of the United States, upon a policy containing a clause, "all risks, blockaded ports and Hispaniola excepted," held the clause to be divisible, and applied the construction of it thus: that a voyage to Hispaniola was not insured, but a voyage to a blockaded port was, unless known to be blockaded, although it was in fact blockaded. The risk of loss from a known blockade was excepted, and not the voyage to the port itself. The same exposition might be applied here. But, as the brig did not, in fact, go on any voyage to Mexico or Texas, it is unnecessary to insist on that. We may read the clause, then, as if it were, "excluding during the term the West Indies from July 15th to October 15th, each at noon." Now, here it is clear, that voyages to and from the West Indies are not excepted generally; but the West Indies for a specified time only. The natural interpretation, then, of this clause is, that it excepts from the protection of the policy the time passed in the West Indies from July 15th to October 15th. I say, this is the natural interpretation; for the insurance is for a year, the exception carved out of it is for three months, and these three months not universally, but only when the vessel is in the West Indies. If the vessel is not in the West Indies, the policy covers the whole term; so that West India ports or places, or West India risks, only seem within the construction of the clause of the policy. Suppose the brig had sailed on a voyage to the West Indies on the 1st of July, and had been lost on the 10th of the same month; what words are there in the policy (supposing there to be no warranty, condition, or prohibition, which I have already said there is not), which would prevent the owner from a recovery of the loss under this policy? I confess I can perceive none. The loss would be without the excepted period, and not within it. Besides; it seems to me, that policies on time are properly to have the same construction throughout, unless there be an irresistible presumption the other way. The very object of a policy on time is to avoid any designation of voyages, or chances of deviation; and to leave the party at liberty to proceed on any voyages or adventures, which he may choose. Exceptions, therefore, in the policy, if they admit of any other reasonable interpretation, ought not to be construed as cutting down the policy to particular voyages, excluding all others; but to be deemed exceptions of time and risks in particular ports or parts of voyages. Now, every word in the present policy is perfectly satisfied by the interpretation, which I have given to it, without any straining of the words from their ordinary meaning, as words

of exception or exclusion. But if we construe the clause the other way, as excluding all voyages to and from the excepted ports in Mexico and Texas, and all voyages to and from the West Indies begun before, or continued after the excepted period, we are necessarily obliged to interpolate many words into the clause, and to deflect the words from their common signification. In short, we are to construe a policy, purporting to be a policy on time, to be also a policy on voyages, and the exception to be, not of time and risks, but of voyages to and from the excepted ports and places, as well as an exception of the time passed in them. It appears to me, that this is not a reasonable or justifiable construction. But, suppose the meaning of the excepted clause is ambiguous, and admits of either construction, which is then to be adopted? The rule adverted to, decides this. The exception is to be construed most strictly against the underwriters, and most favorably to the insured.

Upon the whole, therefore, notwithstanding I have had some difficulty on the subject, my mind reposes on the construction, which I have stated, as the true, the natural, and the appropriate meaning of the policy.

---

PALMER (WARREN SAVING BANK v.). See Case No. 17,207

PALMER (WILCOCKS v.). See Case No. 17,638.

PALMER (WYTHE v.). See Case No. 18,120.

PALMER (YOUNG v.). See Case No. 18,170.