WILLIAM CHANDLER & others *vs.* ST. PAUL FIRE & MARINE INSURANCE COMPANY.

## October 12, 1874.

**Policy of Insurance—Condition Limiting Time for Bringing Suit.**—A policy of insurance against fire provided for the payment of losses within sixty days after due notice and satisfactory proofs of the same, and contained the following condition: "No suit or action against the company, for the recovery of any claim under or by virtue of this policy, shall be sustained in any court of law or chancery, unless commenced within the term of one year next after any claim shall occur; and in case such suit or action shall be commenced against the company after the end of one year next after such loss or damage shall have occurred, the lapse of time shall be taken and admitted as conclusive evidence against the validity of the claim thereby attempted to be enforced, any statute of limitations to the contrary notwithstanding." *Held,* that the assured were entitled to a year after the furnishing of proofs, if not to a year from the date when the loss became payable, in which to bring suit.

**Contract for Sale of Articles Insured—Acceptance by Purchaser—When Property Passes.**—The property destroyed consisted of railroad ties piled along the line of the N. P. R. R., and cut by the plaintiffs in fulfillment of a contract with the Northwestern Construction Co. There was evidence that the ties were inspected while lying in piles, and were marked on the end as good or bad, and that monthly payments on their contract were made to the plaintiffs, on the basis of the estimate thus made. There was also evidence that this estimate was merely provisional, and that the ties were not fully accepted until they had been examined, one by one, as they were laid in place upon the road bed. *Held,* that the question whether the acts of the parties to the contract amounted to an acceptance by the construction company of the ties burned, was properly left to the jury, under an instruction, that an acceptance of the ties, which would defeat a recovery in this action, must have been such an acceptance as would pass the title to the ties to the construction company, and bind that company to pay for them.

Appeal by defendant from an order of the court of com-

mon pleas for Hennepin county, *A. H. Young*, J., presiding, refusing a new trial.

*Harvey Officer*, for appellant.

*Cornell & Bradley*, for respondents.

YOUNG, J. By a policy issued April, 11, 1871, the defendant insured plaintiffs for the term of six months, against loss or damage by fire, to the amount of $5,000, "on their railroad ties piled along the line of the Northern Pacific Railroad from the Junction to the Red River of the North in Minnesota," agreeing to make good to the assured all loss, etc., "to be paid within sixty days after due notice and satisfactory proofs of the same." Between May 7 and 22, 1871, several thousand of the ties insured were destroyed by accidental fire. The plaintiffs gave immediate notice of the loss, and the defendant thereupon entered upon an investigation of the facts relating to the fire : a disagreement arose between the parties as to the actual number of ties burned, and some five months were consumed in fruitless negotiations on this subject. On April 8, 1872, the plaintiffs furnished the defendant with formal proofs of loss. This action was brought August 7, 1872, to recover the amount claimed to be due plaintiffs on the policy.

The policy contains the following condition, limiting the right of the assured to sue and recover for a loss : "It is expressly covenanted by the parties hereto that no suit or action against the company, for the recovery of any claim under or by virtue of this policy, shall be sustained in any court of law or chancery, unless commenced within the term of one year next after any claim shall occur ; and in case such suit or action shall be commenced against the company, after the end of one year next after such loss or damage shall have occurred, the lapse of time shall be taken and admitted as conclusive evidence against the validity of the claim thereby attempted to be enforced, any statute of limitations to the contrary notwithstanding."

The first branch of this condition clearly sustains the plaintiffs' contention. The expression, "claim shall occur,"

obviously means claim shall "arise," or "accrue." No claim occurs or arises in favor of the assured upon the mere happening of the loss. The giving of notice, and the furnishing of satisfactory proofs, are conditions precedent to be performed by the assured before they are entitled to claim the stipulated indemnity; and not until sixty days after the performance of the last of these conditions, can their claim be enforced by suit. It is unnecessary to determine in this case whether, by the first branch of the condition, the time of limitation begins to run from the furnishing of proofs, or sixty days thereafter. It would seem, however, that the claim exists when notice has been given and proofs furnished, although it is not payable until the expiration of the sixty days.

The second branch of the condition as clearly provides that unless suit is brought within one year after the occurrence of the loss, the lapse of time shall be conclusive evidence against the validity of the claim. These two limitations cannot stand together. By the first, an action might be sustained, if commenced before June 8, 1873, or at any rate, if brought prior to April 9, 1873; but by the second, lapse of time would be a conclusive bar to such action, if brought after May 22, 1872. During the interval, an action might be maintained under the first limitation, but must be defeated by the second.

The two branches of the condition being thus inconsistent, and the whole being ambiguous, its meaning can only be ascertained by a resort to construction.

The language of the condition is the language of the company, and for any ambiguity in its terms the company is responsible. If the company has seen fit to express itself in terms that require interpretation, it cannot complain if any doubt as to the meaning of the condition is resolved in favor of the assured. The rule that words are to be taken most strongly against the party using them, is more applicable to the conditions and provisos of policies of insurance than to almost any other instruments. These policies are wholly

prepared by the company issuing them, and should be drafted with the most scrupulous exactness. They should be absolutely free from ambiguity. " A policy ought to be so framed that he who runs can read. It ought to be framed with such deliberate care that no form of expression by which, on the one hand, the party assured can be caught, or by which, on the other, the company can be cheated, shall be found upon the face of it." *Anderson* v. *Fitzgerald,* 4 H. of L. Cas. 484, 510. This rule has been adopted in many cases involving the construction of exceptions, warranties and conditions precedent in policies. See *Blackett* v. *Assurance Co.,* 2 Crompt & Jer. 244, 251 ; *Notman* v. *Anchor Assurance Co.,* 4 C. B. (N. S.) 476, 481 ; *Fitton* v. *Accidental Death Ins. Co.,* 17 Id. 122, 135 ; *Braunstein* v. *Acc. Death Ins. Co.,* 1 Best & Smith, 782, 799 ; *Fowkes* v. *Assurance Ass'n,* 3 Id. 917, 925 ; *Catlin* v. *Springfield Fire Ins. Co.,* 1 Sumner, 434, 440 ; *Palmer* v. *Warren Ins. Co.,* 1 Story, 360, 364, 369 ; *Bartlett* v. *Union M. F. Ins. Co.,* 46 Me. 500 ; *Wilson* v. *Conway Fire Ins. Co.,* 4 R. I. 141, 156 ; *Wilson* v. *Hampden Fire Ins. Co.,* 4 Id., 159, 166 ; *Hoffman* v. *Ætna. Ins. Co.,* 32 N. Y. 405, 413 ; *Reynolds* v. *Commerce Fire Ins. Co.,* 47 N. Y. 597, 604 ; *N. Y. Belting Co.* v. *Washington Fire Ins. Co.,* 10 Bosw. 428, 435 ; *Merrick* v. *Germania Fire Ins. Co.,* 54 Penn. St. 277, 284 ; *Western Ins. Co.* v. *Cropper,* 32 Id. 351, 355. It is peculiarly applicable to the condition we are now considering, for the reason that this condition is not only wholly for the benefit of the company, but is also a condition subsequent, by which a valid claim, founded on a contract fully performed by the assured, and broken by the company, is defeated, unless an action is brought to enforce it within a time much shorter than that allowed by the statute of limitations. Such a condition is valid, (*Riddlesbarger* v. *Hartford Ins. Co.,* 7 Wall. 386, 391, and cases cited,) but like other conditions subsequent, which work forfeitures of vested rights, it is to be construed strictly against the company, and liberally in favor of the assured. A defence founded on the

breach of such a condition as this is *stricti juris*, and we ought not to hold that the assured have stipulated away their claim to the indemnity secured by the policy, unless their intention to do so clearly appears.

The defendant's counsel has failed to point out to us any sufficient ground for preferring the construction claimed by the company to that relied on by the plaintiffs. Aside from the rule before mentioned, the reason of the case certainly favors the plaintiffs' position. It is natural that the parties should have intended to refer the commencement of the period of limitation to the date when the cause of action accrued, and that the time during which the assured could not sue, should not be counted as part of the year within which they were required to sue. This construction leaves no door open for suits upon fraudulent claims, after the lapse of time has made the proof of fraud difficult or impossible. The assured, as a condition precedent to their right of action, must still furnish satisfactory proofs of loss, either within the time fixed by the policy, or, if no time is fixed, within a reasonable time after the loss ; the action must be brought within a year and sixty days thereafter, at the farthest, and the company is thus amply protected from suits upon stale claims. On the other hand, if the suit must be brought, in all cases, within a year after the loss, then, as no suit can be brought until sixty days after the proofs have been furnished, and as the time within which proofs can be furnished must vary with the circumstances of each case, the condition will operate very differently in different cases, and may very often allow the assured but a very brief and inadequate time in which to bring suit after their cause of action accrues.

The plaintiffs' construction of the condition, highly reasonable in itself, is supported by the decision in *The Mayor of N. Y.* v. *The Hamilton Fire Ins. Co.*, 39 N. Y. 45, cited with approval in *Killips* v. *Putnam Ins. Co.*, 28 Wis. 472, 484, although the latter case was decided on other grounds. But whether or not the plaintiffs' construction, thus sustained

by authority, is more reasonable, it is certainly not less reasonable than that contended for by the defendant, and in accordance with the rule before stated, the condition must be taken in the sense most favorable to the plaintiffs.

The action having been commenced within the time limited by the conditions thus construed, it is unnecessary to consider the question, fully discussed in the briefs of counsel, whether the conduct of the defendant amounted to a waiver of the condition, as construed by defendant.

It appeared at the trial that the ties burned were cut by plaintiffs in fulfillment of a contract with the Northwestern Construction Company, which was then engaged in building the Northern Pácific Railroad. There was evidence that the ties were examined by the railroad company's inspector, and marked upon the end as good or bad, while lying in piles alongside the railroad, and that monthly payments upon their contract were made to the plaintiffs, upon the basis of the estimate thus made. But there was also evidence that this estimate was merely provisional, and that the ties were not fully accepted by the Construction Company, until they had been examined, one by one, as they were laid in place upon the road bed. The court properly left it to the jury to find whether the acts of the parties amounted to an acceptance of the ties burned, and correctly instructed them that "an acceptance of the ties by the Construction Company, which would defeat a recovery of the plaintiffs in this action, must have been such an acceptance as would pass the title to the ties to the Construction Company, and bind the Construction Company to pay for them." The jury, having found for the plaintiffs in the full amount claimed, must have found that none of the ties burned had been accepted by the Construction Company, but that they were, at the time of the fire, the property of the plaintiffs. This finding of the jury, under a very accurate instruction as to the law, and upon sufficient evidence, is a full answer to the defendant's last point, that the plaintiffs had no insurable interest in a large part of the ties destroyed.

The order denying a new trial is affirmed.