## WILLIAM WARWICK v. MONMOUTH COUNTY MUTUAL FIRE INSURANCE COMPANY.

A condition annexed to and made part of a policy of fire insurance, which provides that "all and every person *insuring* in this company must give notice * * * of any other insurance *effected* in their behalf on said property, * * * in which case each office shall be liable to the payment only of a ratable proportion of any loss or damage which may be sustained," &c., is not restricted to other insurance effected prior to the execution and delivery of the policy in question. It is applicable to all other insurances, whether effected before or after the policy in question.

The declaration in this case was founded upon a policy of insurance and was in the ordinary form. Defendant, upon *oyer* of the covenant and of certain conditions annexed to the policy and referred to therein, pleaded that plaintiff's action could not be maintained because, after the execution and delivery of the policy, plaintiff had procured other insurance

upon the same property without notice to defendant and without an endorsement upon the policy, as required by the eighth of said conditions.

That condition was as follows: " VIII. All and every person insuring in this company must give notice to the secretary of any other insurance effected in their behalf on said property, and cause such insurance to be endorsed on their policies, in which case each office shall be liable to the payment only of a ratable proportion of any loss or damage which may be sustained ; and unless such notice is given to the secretary and such endorsement made, the insured shall not be entitled to recover in case of loss or damages."

To this plea plaintiff demurred.

Argued at November Term, 1881, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, REED and MAGIE.

For the plaintiff, *M. Beasley, Jr.*

For the defendant, *C. Robbins.*

The opinion of the court was delivered by

MAGIE, J.   The question presented by this demurrer involves the construction of the eighth condition annexed to the policy of insurance sued on.   For if, by force of the stipulations in that condition, an insurance on the same property, subsequently effected in another company without the notice and endorsement in that condition provided for, bars the plaintiff's right of recovery on the policy, then the plea complained of is free from objection.

The contention of plaintiff is that the condition in question relates wholly to other insurance precedent, in point of time, to the policy issued by defendant, and that the stipulation as to forfeiture of the right to recover on default of notice, &c., is not applicable when other insurance has been subsequently effected.

It is further contended that, if such is not the necessary construction, the language of the condition in question is, in that respect, so ambiguous as to be capable of such a construction; in which case it is insisted that defendant cannot set up the condition in bar of the action of a policy-holder who has acted on such a construction of the contract.

These claims of plaintiff rest upon the grammatical relation of the language employed. It is said that the present participle, "insuring," is used to designate the policy-holder. It is claimed that the phrase must, or at least may, be read as follows, viz., "All and every person in the act of insuring," &c. Thus read, it is insisted the condition is limited in its application to the time when the act of insuring is consummated by the issuing of the policy, and that to extend it to a subsequent period would require the use of other words, such as "insured," or "while insured." Upon this construction the word "effected," as applied in the past tense to other other insurance, would relate only to such insurance as had been effected at the time of procuring this policy.

The rule to be applied in the construction of such a condition is well settled. Stipulations of this sort are restrictions on the right of redress of the insured against the insurer upon the contract. As such, they impose a burden on the insured for the insurer's benefit, and must therefore be strictly construed. *State Ins. Co.* v. *Maackens,* 9 *Vroom* 564.

Such conditions, besides, are prepared by the insurers for their protection, and ought to be set forth in language so clear that the insured will not be misled as to the burden imposed on him. *Wood on Ins.* 140. As Lord St. Leonards said, in *Anderson* v. *Fitzgerald,* 4 *H. L. Cas.* 484, in respect to such a condition : "It is of course prepared by the company, and if, therefore, there should be any ambiguity in it, must be taken, according to law, more strongly against the person who prepared it." In the case of *Chandler* v. *St. Paul F. & M. Ins. Co.,* 21 *Minn.* 85, it was held that for any ambiguity in the terms of such a contract the company was responsible, and could not complain if any doubt as to its

meaning is resolved in favor of the insured. How far such a rule will extend need not now be decided. It must be conceded that it cannot apply unless the condition, when strictly construed, is, in fact, ambiguous, and at least fairly susceptible of the meaning the insured has attributed to it. It could not be pretended that the rule would operate to compel a forced construction of such a condition for the benefit of the insured, which would deprive the insurers of a protection fairly included within the terms of the contract.

Upon a careful examination of the condition in question, I am unable to sustain the claim of the plaintiff in either of the aspects in which it was ingeniously and ably put by his counsel.

In the first place, the language of the condition in question does not necessarily bear the construction contended for. The whole question turns on the meaning to be attributed to the word "insuring." It is employed to designate the policy-holder, the person who is to perform the condition with respect to notice, &c. As thus employed, does it necessarily limit the time to which the condition applies? It is plainly elliptical, because no object is expressed. Supplying the manifest object, as revealed by the succeeding part of the sentence, the phrase must read, "All and every person insuring *their property* in this company must give notice * * * of any other insurance effected * * * on *said property.*" * * * Now, the gloss of plaintiff is: "All and every person *in the act of* insuring their property," &c., must give notice. When is a person "in the act of insuring his property?" The plaintiff's claim limits that act to the moment of entering into the contract of insurance. But manifestly the plain meaning is quite otherwise. The contract of insurance commences, indeed, at the moment when the policy is executed and delivered. It is, however, a continuing contract, insuring the property therein described for all the time fixed by its stipulations. During that time the insured may be well said to be "insuring" his property in the company whose continuing contract to insure he holds. So that the word "insur-

ing," in my judgment, appropriately indicates a person holding such a continuing policy during any part of the time covered by the terms of the policy.

In the next place, the condition in question, read as a whole, is not ambiguous, and its language is not fairly susceptible of the meaning attributed to it by plaintiff. ' The condition plainly expressed one of the objects of its insertion. It was to limit the liability of the insurer to only a ratable proportion of loss, in case of other insurance such as was therein mentioned. In the absence of such a provision, in case of other insurance and loss less than the entire insurance, the insurer would be liable for the actual amount of the loss, and would have to seek contribution from the other insurers. *Wood on Ins.* 828, &c. It must have been quite as evident to the insured as to the insurers that a knowledge of subsequent as well as of precedent other insurance on the property, was of moment to the insurers. The manifest purpose of the condition, (although perhaps not the only purpose,) was one that included both classes of other insurance on the property. Nor do I think it possible that the insured could have inferred from this language that he was assenting to a condition which restricted his recovery with respect to previous insurance, of which notice, &c., was given, and left unrestricted his recovery with respect to subsequent insurances. Such a construction makes the condition an absurd one, and 'cannot be fairly drawn from the language.

In the case of *Schenck* v. *Mercer County Mut. Ins. Co.*, 4 *Zab.* 447, a condition identical in substance with that now in question was considered and adjudicated on in this court. The action was on a policy of insurance with such a condition annexed. On the trial of the case, it had been left to the jury to find whether or not notice had been duly given of an insurance effected on the same property in another company subsequent to the date of the policy in suit. The matter came into this court on a rule to show cause. The case was argued by eminent lawyers. Judge Potts, delivering the opinion of the court, declares that the notice was required by

very loose phraseology, (and it is noticeable that the condition now in question requires the notice with more precision,) but concludes that the instruction to the jury was correct.    While the precise point here made does not appear to have been taken in that case, yet the conclusion arrived at is an adjudication that notice of a subsequent insurance under such a condition was necessary to preserve the right of the insured to recover on his policy in case of loss, and consequently that a subsequently-effected insurance was within the stipulations of the condition.

The demurrer must be overruled.