CANTON INS. OFFICE, Limited, v. WOODSIDE et ux.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1898.)

No. 427.

1. MARINE INSURANCE—STIPULATION AGAINST AVERAGE.
   Since a policy on "personal effects" should be applied distributively to the various articles, a stipulation therein, "Warranted free from all average," does not exempt the insurer from liability for articles which are totally lost, merely because a few articles of wearing apparel are saved. 84 Fed. 283, affirmed.

2. SAME—CREDIT FOR GOODS SAVED.
   Under a policy which applies distributively, the insurer is entitled to credit for the value of articles saved.

3. SAME—AVERAGE CLAUSE—HOW CONSTRUED.
   Where a policy issued by an English corporation provides that all claims under it are to be established according to the customs of the English Lloyds, the words of an average clause contained therein are to be understood in the sense given to them by the English law.

4. SAME—EXCEPTIONS.
   A stipulation in a policy, which is in the nature of an exception to the liability of the insurer, is construed strictly against him.

5. SAME.
   The rule that the written parts of a contract control the printed parts is subject to the rule that words of exception in a policy, if doubtful, are to be construed most strongly against the party for whose benefit they are intended.

Appeal from the District Court of the United States for the Northern District of California.

Andros & Frank, for appellant.

Page, McCutchen & Eels, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. This was a suit, brought by the appellees, Alexander Woodside and Isabella Woodside, his wife, against the appellant, Canton Insurance Office, Limited, a corporation organized under the laws of Great Britain, to recover upon a policy of marine insurance. The policy, which was issued by the defendant company at its office in the city of San Francisco, Cal., was dated March 12, 1895, and by it the defendant insured Alexander Woodside in his own name, and for himself and all others interested, in the sum of $2,000, for the term of one year, upon property described in the policy, as "personal effects belonging to himself and his family, valued at the sum insured." It was provided in the body of the policy (referring to the subject of the insurance): "Warranted free from particular average unless the vessel or craft be stranded, sunk, or burnt;" and in another paragraph, containing the usual warranty that memorandum articles should be free from average, it was provided "that all other goods * * * shall be warranted free from average under three pounds per centum unless general, or the ship be stranded, sunk, or burnt," but on the margin of the face of the policy the following stipulation was written: "Warranted free from all average," without any exception. There was also printed in the margin the following provision: "All claims under this policy to be adjusted according to customs of English Lloyds." The personal effects thus insured consisted of various articles of clothing, silverware, an organ, sewing machine, nautical instruments, charts, etc., belonging to the libelants, and in the steamer Bawnmore, of which the libelant Alexander Woodside was the master. On or about the 28th of August, 1895, the steamer was stranded on the coast of Oregon, and became a total loss, and all of the personal effects belonging to the libelants, and covered by the policy of insurance sued on, were at the same time totally lost by reason of perils insured against by said policy, except one sextant, which was saved in a damaged condition, a few articles of clothing, including the apparel worn by the libelants at the time of the disaster, two pairs of shoes, and a few suits of underclothing. These articles were valued at $78, including 13 charts, valued at $3, which appear to have been lost. The effects actually lost were valued at $4,000. It appears, further, from the pleadings that the libelants, after the loss, duly abandoned to the respondent all of the articles which had been saved as and for a total loss, but that the respondent refused to accept the same. Upon these facts, the court below entered a decree in favor of the libelants for the full amount called for by the policy of insurance, viz. $2,000, with interest from October 25, 1895, and costs of suit. 84 Fed. 283. It is from this decree that the present appeal is being prosecuted. The as-

signments of error are five in number, and can be said to raise but two questions: (1) Whether the appellees can recover on the policy in question as and for a total loss upon the facts stated; (2) whether the court below should not have made an allowance in favor of the appellant for the sum of $78, the value of certain articles saved in a more or less damaged condition.

The contention on the part of the appellant is that under a policy of insurance where property is insured as an entirety, and under a single valuation, "free from all average," the underwriter is liable only in the event of the absolute total loss of the entire thing or species; and that, if any part of the property insured be saved in specie, although in a damaged condition, the underwriter is relieved from liability. The application of this rule to the present case would have the extraordinary result of depriving the insured of the benefit of their insurance had they escaped with only the clothing they had on at the time of the wreck. In Duff v. MacKenzie, 3 C. B. (N. S.) 16, a similar objection was considered in construing a policy of insurance on "master's effects," valued at £100, "free from all average." Some of the goods thus insured were totally lost by the perils insured against, but others were saved. It was contended on the part of the plaintiff that he was entitled to recover in respect of the goods which had been lost as and for a total loss of each article. On the part of the defendant it was answered that he was exempted by the average memorandum, because the loss was only a partial loss of the subject insured. In commenting upon this strict construction contended for by the defendant the court said:

It "leads to the very harsh and absurd consequence that, if the assured happens to be successful in rescuing any portion of the articles insured—even the clothes he may be wearing—from the perils of the sea, he will thereby incur the penalty of forfeiting his insurance on the rest, though they are all totally lost. This result is so startling that we find it impossible to believe the parties could have intended it. And it may be added that the contract, so construed, would be quite at variance with the object for which, as it is well known, the memorandum as to average was introduced into policies, viz. that since it may be difficult to ascertain the true cause of the damage which goods of certain kinds, such as those usually specified in the memorandum, receive in the course of a voyage,—whether it arose from the nature of the articles themselves, or from the perils insured against,—the insurers thereby expressly provide that, as to some kinds of goods, they will not be answerable for any average or partial loss, and, as to others, that they will not be liable for such loss not amounting to a certain percentage on the goods."

To maintain the rule and avoid its harshness when applied to an insurance on personal effects, counsel for appellants contends that the court will give a reasonable construction to the contract, and determine that the libelants are not entitled to recover under the policy if any part of the subject of the insurance "other than such parts thereof as might be actually in use and on their persons at the time of the loss," was saved in specie, though in a damaged condition. Where the strict construction of the language of a contract will lead to such an unjust or absurd result that it may be said that it was not within the reasonable contemplation of the

parties to the contract, the court will avoid such a construction, and endeavor to ascertain the real intention of the parties, which, in a case of insurance having indemnity for its object, will be construed liberally to that end. The rule contended for by the appellant falls short of this requirement, since it does not have in view the protection of the insured against the loss they have sustained. Moreover, the purpose of indemnity will not be defeated by setting up a condition in the policy which was probably inserted as applying to other subjects of insurance, and the reason and object of which do not appear to apply to the particular contract. Beach, Ins. § 607. A better rule, and one more in harmony with the principles governing the subject, would be to read the contract in the light of surrounding circumstances, and to ascertain whether or not the contract of insurance was intended to be entire or severable; for, if it be determined that the contract was entire, the stipulation contained in the memorandum clause, "Warranted free from all average," would prevent the insured from recovering anything because of the fact that there was not an absolute total loss. On the other hand, if it be determined that the contract was intended to be severable,—that is, in the sense that each article was separately insured, and that the memorandum clause, "Warranted free from all average," applied to each article separately, and not to the articles insured as an entire lot,—it is plain that the insured would be entitled to recover. The determination of this question rests largely upon the meaning of the expression in the policy, "personal effects." It will be observed that the articles or effects insured by the appellees were not specifically enumerated in the policy. To do so would have been inconvenient because of the number and variety of articles insured. It was not desirable nor necessary to enumerate them, provided the expression "personal effects" conveyed the idea that they were insured separately, although not described more particularly. The evidence is uncontroverted that the "personal effects" insured consisted of separate and distinct articles. It is a well-settled rule of the construction of contracts that, "where the agreement embraces a number of distinct subjects, which admit of being separately executed and closed, it must be taken distributively, each subject being considered as forming the matter of a separate agreement after it is so closed." Perkins v. Hart, 11 Wheat. 237. In the case of Duff v. MacKenzie, supra, an expression similar to that used in the case at bar was held to have the effect of rendering the contract severable. The court said:

"The articles which constitute the 'master's effects' have no natural or artificial connection with each other, but, of necessity, must be essentially different in their nature and kind, in their value, in the use to be made of them, and the mode in which they would be disposed on board. The word 'effects' is obviously employed to save the task of enumerating the nautical instruments, the chronometer, the clothes, books, furniture, etc., of which they happened to consist. And, although it is stipulated by the warranty that these effects shall be free of all average,—or, in other words, that the insurer shall not be liable for any amount of sea damage to them short of a total loss,—we think, looking at the nature of the subject of insurance, and the terms of this exemption, it is doing no violence to the language used to hold that he is not to be exempted from liability for a total loss of any of the articles of which the 'effects' consist. Suppose, instead of the

general description of 'master's effects' the body of the policy had enumerated them, and then the memorandum had said, 'the chronometer, the sextant, the hat, and the great coat above mentioned, to be free from average,' etc.; might not this be well understood to mean that the insurer was not to be liable for any partial damage, but was to be liable for any total loss of any of the specific things mentioned in the memorandum? And, if so, we do not feel constrained to hold that the intention of the parties is different, and the subject of insurance one indivisible subject, merely because the description in the policy of the articles insured is general, and the memorandum extends to the whole subject of the insurance."

It was accordingly held that the insured was entitled to recover in respect to the articles totally lost. In Wilkinson v. Hyde, 3 C. B. (N. S.) 30, the policy was "on goods," valued at £240, and was against "total loss only." Under this policy, the plaintiff shipped a number of cases and packages of miscellaneous goods, apparently the equipment of an emigrant. The vessel was wrecked, and all the goods were lost, with the exception of a case of circular saws and a case of window glass, and the question was whether there was a total loss of the packages which were actually lost, or an average loss only. It was held, on the authority of Duff v. MacKenzie, that the insured was entitled to recover in respect of the packages so totally lost. These two cases appear to declare the English doctrine in the construction of the words of the contract now under consideration, and, while a contract of insurance, like any other contract, is to be construed according to the law and usages of the place where it is to be performed, or, if a place of performance is not indicated, then according to the law and usages of the place where it is made, still, the insurer in the present case being an English corporation, and it having been provided in the policy that all claims under it are to be established according to the customs of the English Lloyds, it may be presumed that the words in the average clause of the contract were used in the sense in which they were understood in the English law. London Assurance v. Companhia De Moagens Do Barriero, 28 U. S. App. 439, 15 C. C. A. 379, and 68 Fed. 247.

The American cases cited by counsel for appellant are, however, not necessarily inconsistent or in conflict with these two cases. They appear to be clearly distinguishable, either on the ground that the indemnity claimed by the insured was for the loss of memorandum articles which were only partially lost, so that there was not a total loss of a specific enumerated article, or the policy provided in clear and unambiguous language that the insurer would not be liable unless there was an absolute total loss of all the articles insured. In the case at bar the intention of the parties is not expressed as clearly as it might be, and hence any doubt that there may be is to be resolved in favor of the insured and against the insurer. A policy of insurance is a contract of indemnity, and is to be liberally construed in favor of the insured. Yeaton v. Fry, 5 Cranch, 335; National Bank v. Insurance Co., 95 U. S. 673, 679; Steel v. Insurance Co., 2 C. C. A. 463, 51 Fed. 715, 723, and cases there cited; 1 Arn. Ins. (6th Ed.) 295. If the policy will fairly admit of two constructions, that one should be adopted which will

indemnify 'the insured.    Grace v. Insurance Co., 109 U. S. 282, 3
Sup. Ct. 207; Insurance Co. v. McConkey, 127 U. S. 661, 8 Sup. Ct.
1360; Burkheiser v. Association, 10 C. C. A. 94, 61 Fed. 816.    Fur-
thermore, the memorandum clause, "Warranted free from all aver-
age," is considered in the nature of an exception to the liability
of the insurer, and is construed strictly against him.    1 Duer, Ins.
par. 6, p. 161; Blackett v. Assurance Co., 2 Cromp. & J. 244.

It will further be observed that in the present case the average
clause in the body of the policy contained the exception, "unless
the vessel or craft be stranded, sunk, or burnt." The vessel was
stranded, and became a total loss, and, under the exception, the
insured was entitled to be indemnified by the insurer for a partial ·
loss of the subject of insurance.  But the written stipulation on
the margin of the face of the policy, "Warranted free from all aver-
age," without the usual exception, "unless the vessel be stranded,
sunk, or burnt," enables the defendant to raise the question of its
liability for a loss that is short of a total loss.   These inconsistent
stipulations in a policy of insurance may not be a fraud upon the
insured, but they are certainly lacking in clearness and certainty;·
and the rule that the written parts of a contract control the printed
parts is, in our judgment, subject to the rule that words of excep-
tion in a policy, if doubtful, are to be construed most strongly
against the party for whose benefit they are intended.   Palmer v.
Insurance Co., 1 Story, 360, Fed. Cas. No. 10,698; Donnell v. In-
surance Co., 2 Sumn. 380, 381, Fed. Cas. No. 3,987; Yeaton v. Fry,
5 Cranch, 335.   From whatever point of view the question is re-
garded, we think this contract should be construed in favor of
indemnity for the loss sustained by the insured.

With respect to the second question, it is contended that the
court below should have made an allowance in favor of the de-
fendant in the sum of $78 for the articles which were saved in a
more or less damaged condition.   Having determined that the
contract of insurance should be applied distributively to the dif-
ferent articles insured, it follows that the value of the articles
saved must be deducted from the total insured value of the per-
sonal effects.   It appears that in the list of personal effects saved
the master, by mistake, entered 13 charts, valued at $3, as having
been saved.   The charts saved belonged to the vessel.   The charts
belonging to the master, and constituting a part of his personal
effects, were, in fact, totally lost.   The articles saved in specie
were, therefore, of the value of $75, and this amount should be
credited to the insurer.   The decree of the district court will there-
fore be modified to this extent, and, as so modified, it is affirmed.