SCARTH *et al.* v. THE·SECURITY MUTUAL LIFE SOCIETY.

**Life Insurance:** PROVISION AGAINST SUICIDE: CONSTRUCTION. The life insurance policy declared on in this case provided that if the assured should commit suicide, "felonious or otherwise, sane or insane," the policy should be void. The assured did commit suicide while temporarily insane from illness, and when he was in no manner conscious or responsible. *Held* that no recovery could be had on the policy. (See opinion for authorities).

*Appeal from Jasper District Court.*—HON. J. K. JOHNSON, Judge.

FILED, OCTOBER 4, 1888.

ACTION on a life insurance policy. A demurrer to the petition was sustained, and plaintiffs appeal.

*Winslow & Varnum,* for appellants.

No appearance for appellee.

ROTHROCK, J.—I. It appears from the averments of the petition that on the fifth day of December, 1885, the defendant issued to Francis O. Scarth a policy of insurance upon his life, or a beneficiary certificate, in the amount of three thousand dollars, and that until the twenty-eighth of February, 1886, he complied with all the conditions and agreements contained in said contract of insurance, when he died ; and that the plain-tiffs are the beneficiaries named in said policy. The manner of the death of the insured is stated in the peti-tion in these words : "That on the twenty-eighth day of February, A. . D., 1886, said Francis O. Scarth departed this life, he having committed suicide by

shooting himself in the head, and death resulting imme-
diately therefrom ; that said act of suicide was made
and committed while said Francis O. Scarth was
temporarily insane, such insanity being the direct result
of continued illness of some weeks, and a lowness of
spirits occasioned thereby, and that in so doing he, the
said Francis O. Scarth, was entirely unable to control
himself, and such act was occasioned by such insanity,
and about and over which the said Francis O. Scarth was
in no manner conscious or responsible." The beneficiary
certificate is exhibited with and made part of the peti-
tion, and it provides that, "if the member shall commit
suicide, felonious or otherwise, sane or insane," the
policy shall be void. One ground of the demurrer was
based upon this clause of the policy, in connection with
the averments of the petition with reference to the
death of the insured. This clause in the policy presents
the principal question in the case.

There has been much discussion in adjudged cases as
to the effect of conditions in life insurance policies,
which provide that the policy shall be void if the assured
comes to his death by his own hand. At one time poli-
cies provided, generally, that they should be void in
case of death by "suicide," or by "one's own hand,"
without more. It was held that these terms were syn-
onymous, and conveyed the same idea. It has been
held quite generally by the courts of this country that
this general condition in a policy referred to an act of
criminal self-destruction, and did not apply to an insane
person who took his own life. *Life Association v.
Waller*, 57 Ga. 533 ; *Hathaway v. Ins. Co.*, 48 Vt. 335 ;
*Ins. Co. v. Graves*, 6 Bush, 268 ; *Newton v. Ins. Co.*,
76 N. Y. 426 ; *Scheffer v. Ins. Co.*, 25 Minn. 534 ; *Ins.
Co. v. Terry*, 15 Wall. 580 ; *Ins. Co. v. Rodel*, 95 U. S.
232 ; *Ins. Co. v. Isett*, 74 Pa. St. 176 ; *Ins, Co. v. Moore*,
34 Mich. 41 ; *Eastabrook v. Ins. Co.*, 54 Me. 224. This
being practically the settled law applicable to these con-
ditions, insurance companies adopted a more specific
condition as to liability in cases of death by suicide, and
there are a number of cases where the language of the

policy is substantially the same as that employed in the policy under consideration. In *Bigelow v. Ins. Co.*, 93 U. S. 284, the condition in the policy was that it should be void if the insured "shall die by suicide, sane or insane." In an action on the policy the defendant pleaded that the insured died from the effect of a pistol wound inflicted upon his person by his own hand, and that he intended by this means to destroy his life. The plaintiff by reply, pleaded that the insured, when he inflicted the pistol wound upon his person by his own hand, was of unsound mind, and wholly unconscious of the act. It was held that a demurrer to the replication was properly sustained. The effect of the holding was that the policy was void, notwithstanding the self-destruction was accomplished at a time when the insured was wholly unconscious of the act. There is no substantial difference between that case and the one now under consideration. In *Streeter v. Life and Accident Soc.*, 65 Mich. —, the policy provided that it should be void if the insured should "die by his own hand, sane or insane." The insured died from the effects of a pistol-shot wound inflicted by himself. The evidence tended to prove that when he shot himself he was insane. Witnesses expressed the opinion that his mental condition was such that he was unable to control any of his physical actions that might have been called upon to carry out any one of his impulses. It was held that the insurance company was not liable upon the policy. In support of the rule announced by these cases, see, also, *Pierce v. Ins. Co.*, 34 Wis. 389; *Salentine v. Ins. Co.*, 24. Fed. Rep. 159; *Riley v. Ins. Co.*, 25 Fed. Rep. 315; *Adkins v. Ins. Co.*, 70 Mo. 27; and *Penfold v. Ins. Co.*, 85 N. Y. 317. In some of these cases language is employed which would seem to indicate that, if the insured was not at the time conscious of the physical nature and consequences of the act, the policy might not be void. We think, however, that the better rule, and the logical conclusion of all the above cited cases, is that the condition in the policy was intended to include self-destruction, no matter what the mental condition of

the insured was at the time of the act which caused the death. Of course, the policy never was intended to include death by accident, as by taking poison by mistake, the accidental discharge of a gun or pistol held in the hands of the insured, or the like. It means all suicidal acts, whether such as are denominated as criminal, or such as are the offspring of insanity. We have not had a brief or argument by counsel for appellee in this case, and have been compelled to make somewhat of an examination of that side of the question without these aids, and our conclusion is that the demurrer to the petition was properly sustained. This disposition of the case renders an examination of the other grounds of demurrer unnecessary.                AFFIRMED.