## SARAH E. BILLINGS *v.* ACCIDENT INSURANCE Co. OF NORTH AMERICA.

*Life insurance. Death by suicide, sane or insane.*

Under a policy of life insurance containing a condition that the insurer shall not be liable if death results from "suicide, sane or insane," there can be no recovery where the assured takes his own life, although he acts in obedience to an insane impulse which has overcome his will.

Assumpsit upon a policy of life insurance. Plea, the general issue, and notice of special matter. Trial by jury at the March term, Rutland county, 1889, Ross, J., presiding. The plaintiff offered certain evidence, as stated in the opinion, which the court refused to admit. Thereupon the case was withdrawn from the jury and passed to supreme court upon the exception of the plaintiff for the determination of the question raised by this offer.

*Bromley & Clark,* and *H. A. Harman,* for the plaintiff.

It has been repeatedly held that where the policy excepts "suicide," the exception does not apply if life is taken under an insane impulse. *Breasted* v. *Farmer's L. & T. Co.,* 4 Hill 73; 8 N. Y. 299; *Am. L. I. Co.* v. *Isett,* 74 Pa. St. 176; *Mutual L. I. Co.* v. *Terry,* 14 Wall. 580; *Charter Oak L. I. Co.* v. *Rodel,* 95 U. S. 232; *Manhattan L. I. Co.* v. *Broughton,* 109 U. S. 121; *Merritt* v. *Cotton States L. I. Co.,* 55 Ga. 103; *Phillips* v. *La. E5. L. I. Co.,* 26 La. Ann. 404; 26 Am. Rep. *John Hancock M. L. I. Co.* v. *Moore,* 34 Mich. 41; *Sheffer* v. *Nat'l. L. I. Co.,* 25 Minn. 534; *Conn. Mut. L. I. Co.* v. *Groom,* 86 Pa. St. 92; *Hathaway* v. *Nat'l. Life Ins. Co.,* 48 Vt. 333; *Blackstone* v. *Standard L. & A. I. Co.,* 42 N. W. 156.

There can be no "suicide" unless the taking of one's own life is intentional; otherwise it is a mere accident. *Pierce* v. *Travelers Ins. Co.*, 34 Wis. 389; *Bigelow* v. *Berkshire L. I. Co.*, 93 U. S. 284; *Mut. Ben. L. I. Co.* v. *Davies, Ky. Ct. App.* 9 S. W. Rep. 812, and see opinion of Earl C. in 65 N. Y. 243; *Accident Ins. Co.* v. *Grandal*, 120 U. S. 527; *Horn* v. *Anglo-Austr. Ins. Co.*, 30 Law Jour. N. S. Ch'y. 511.

*Henry Ballard* and *J. C. Baker* for the defendant.

The contract of insurance expressly provided that the defendant should not be liable if the assured died by suicide, whether that act of self-destruction was voluntary or prompted by an insane impulse. That contract was a valid one and should be enforced. *Bigelow, Admx.* v. *Berkshire L. I. Co.*, 93 U. S.; *Dejorza* v. *Knickerbocker L. I. Co.*, 65 N. Y. 232; *Terry* v. *L. I. Co.*, 82 U. S. 236; *Pierce* v. *Traveler's Ins. Co.*, 34 Wis. 389; *Adkins* v. *Col. L. I. Co.*, 35 Am. Rep. 410; *Cooper* v. *Mass. Mut. L. I. Co.*, 102 Mass. 227.

The opinion of the court was delivered by

TAFT, J. It is a condition of the policy in question that it shall not cover a case if death results from suicide, (sane or insane). It is not denied by the plaintiff but that the assured died from the effects of a pistol shot fired by himself, but she insists and offered testimony to show that when the insured so fired the shot, his mind had become so dominated and controlled by an unnatural impulse to fire said pistol into his own forehead that his will could not resist said impulse, and that he did not voluntarily or intentionally fire the same, but in obedience to such impulse. That at the time when said shot was so fired, deceased had "become mentally incapable of understanding and appreciating the physical nature and consequences of the act he was then committing, and did not understand or appreciate the same, and did not

then know nor recognize the fact that by so firing that pistol he would take his own life."

Life insurance companies long since inserted in their contracts a clause of non-liability in case the assured died by "suicide" or "by his own hand," which courts have construed as synonymous terms. In construing this clause, courts have widely differed, some, notably those of England, Massachusetts and New York, holding that no recovery can be had in case of self-destruction, however insane the act of the assured might have been, while others, including this court, in *Hathaway* v. *National Life Ins. Co.*, 48 Vt. 335, have held that when one's reason, and judgment had become so impaired, that his mind was overthrown and he could not resist the insane idea that he must take his own life, although his mind in that condition contrived the means, and his physical strength carried them out and took his life, that such self-destruction did not void the policy. After the decisions holding companies liable in case of suicide by the assured while insane, many companies inserted the condition of non-liability in case of "suicide, sane or insane." This clause has been before the courts for construction, and the decisions generally are, that a company is not liable if the assured designedly dies by his own hand, *i. e.* if he commits the act intentionally with knowledge of its consequences, although unconscious of its criminal character. This is as far as many of the courts have been required to go upon the facts before them, but the question has arisen in some instances, as to the liability of the insurer in case the assured destroys himself in such an insane condition as to be incapable of understanding the physical nature and consequences of the act he was doing; did not know that by firing the pistol, hanging himself, or doing like acts, he would take his own life. That the insurer is liable in such cases is maintained apparently, in *Mut. B. L. Ins. Co. Davies* v. 87 Ken. 541, and *Adkins* v. *Col. L. Ins. Co.*, 70 Mo. 27, and perhaps some other cases. We think the contrary rule the better doctrine. The parties contracted, and the condition is

expressed in terms not easily misunderstood ; the words are "nor will it (the policy) cover death or injury, resulting from suicide (sane or insane)." It is not contended that the insured was in any way misled, nor that the contract was contrary to sound morals or public policy. If the insured can contract against hazardous occupations, residence within the tropics in July and August, death in a duel, by the hands of the law, in war, or when intoxicated, why can they not limit their liability in case of suicide, felonious or otherwise ? It is our duty to construe the contract made by the parties, not contract for them. The better construction to give a term or phrase in a contract is the one according to its ordinary and common meaning, as mankind would generally understand it. The defendant evidently was unwilling to incur the perils of insanity, and this clause limiting its liability was inserted for its protection. It was a valid contract. The defendant had the right to say that it would not hold itself responsible for the acts of the assured, committed when insane, and the question is, can the court with such a contract before it, attempt to measure the degrees of insanity. The construction contended for by the plaintiff renders the words "sane or insane," immaterial, surplusage, of no force whatever. They must have been inserted for some purpose. Felonious suicide was not alone in the contemplation of the parties to the contract. If it had been there was no necessity of adding anything to the general words. The defendant says that by force of them we are not to be liable in case the assured dies by suicide, sane or insane, and the only answer is, it is true the assured died by his own hand when insane, but he was very insane in fact so insane that when he took his life he did not know what he was doing, nor the effect of his acts. If we adopt this construction of the contract, we add to it an element not agreed to by the parties. If the death of the assured was caused in the manner and under the circumstances stated in the plaintiff's offer of evidence, the defendant is

not liable.   There was nothing in the evidence nor offer of evidence tending to show an accidental discharge of the pistol, nor that death resulted from anything save the pistol shot fired by the assured.   We hold there can be no recovery if the assured committed the fatal act otherwise than accidentally ; that the clause " suicide, sane or insane," was intended to, and does include self-destruction irrespective of the assured's mental condition at the time of the act which caused his death.   This is the better rule, in that it gives effect to the contract made by the parties, and the logical conclusion of the better considered cases. *De Gogorza* v. *Knick. Life Ins. Co.* 65 N. Y. 232 ; *Pierce* v. *Trav. Ins. Co.*, 34 Wis. 389 ; *Scarth* v. *Security M. L. Society*, 75 Iowa 346 (39 N. W. Rep. 658 ); *Bigelow* v. *Berk. L. Ins. Co.*, 93 U. S. 284 ; *Chapman* v. *Rep. L. Ins. Co.*, 6 Biss 238, (5 Big. L. & A. Ins. 110 ); *Riley* v. *Hart. L. & A. Ins. Co.* 25 Fed. Repr. 315; *Streeter* v. *West U. M. L. A. Soc.* 65 Mich. 199.

The construction of, and ruling of the court upon, the clause of the contract in question is sustained.

Under the agreement of the parties *the cause is remanded.*

Rowell, Munson and Start, JJ. concur.

Tyler and Thompson, JJ. dissent.