JANE LOY *vs.* THE HOME INSURANCE COMPANY, ETC.

December 13, 1877.

Mortgage on Insured Property—Foreclosure by Advertisement—Loss before Redemption Expired — Condition in Policy that no Change should Take Place in Title or Possession.—Respondent held a policy of insurance given by appellant upon her dwelling-house and other property therein, containing the following clause: "If the property be sold or transferred, or any change takes place in title or possession, (except by reason of the death of the insured,) whether by legal process or judicial decree, or voluntary transfer or conveyance, * * this policy shall be void." *Held—First*, the policy was not avoided by a mortgage given upon the property after the issuance of the policy; *second*, the foreclosure of such mortgage by advertisement and a sale of the mortgaged premises on such foreclosure, the period for redemption not having expired, and no change having taken place in the possession, did not operate as "a sale, transfer, or change in title," within the meaning of the policy, so as to defeat a recovery for a loss accruing after the foreclosure sale, and before the expiration of the time of redemption.

Appeal by defendant from an order of the district court for Olmsted county, *Mitchell, J.*, presiding, denying a motion for a new trial in an action on a policy of insurance.

*Henry C. Butler*, for appellant, argued that the words "any change" meant a partial as well as entire change; and the word transfer, a partial as well as entire transfer; that under the statutes a mortgage was deemed a conveyance for every purpose, save that it did not confer the right of possession without a foreclosure, (Gen. St. c. 40, § 26; Id. c. 75, § 11; *Plath* v. *M. F. M. F. Ins. Co.* 23 Minn. 479; *Langdon* v. *M. F. M. F. Ins. Co.* 22 Minn. 194;) and that by the term "legal process" the parties intended any proceeding authorized or provided by law, as distinguished from a voluntary conveyance.

*Start & Gove* and *P. M. Tolbert*, for respondent, argued that the mortgage and foreclosure were not a·sale, transfer or change of the title by legal process or voluntary conveyance. *Ins. Co.* v. *Walsh*, 54 Ill. 164; *Ins. Co.* v. *Spankneble*, 52 Ill. 53; *Pollard* v. *Ins. Co.* 42 Me. 221; *Smith* v. *Ins. Co.* 50 Me. 96; *Strong* v. *Ins. Co.* 10 Pick. 40; *Lazams* v. *Ins. Co.* 5 Pick. 76; *Jackson* v. *Ins. Co.* 23 Pick. 418; *Rollins* v. *Ins. Co.* 25 N. H. 200; *Bragg* v. *Ins. Co.* Id. 289; *Shepherd* v. *Ins. Co.* 38 N. H. 232; *Conover* v. *Mut. Ins. Co.* 1 N. Y. 290; *Van Dusen* v. *Ins. Co.* 1 Rob. (N. Y.) 55; *First National Bank* v. *Rogers*, 22 Minn. 224.

CORNELL, J.   The policy on which this action is brought contains the following among other conditions:

"If the property be sold or transferred, or any change takes place in title or possession, (except by reason of the death of the insured,) whether by legal process or judicial decree, or voluntary transfer or conveyance,  *  *  *  this policy shall be void."

The property insured consisted of a dwelling-house, and certain furniture and wearing apparel therein contained, situate upon premises belonging to the respondent.   After the issuance of the policy the respondent mortgaged the premises, and the same were sold under a power of sale, upon a foreclosure of the mortgage by advertisement, pursuant to the statute.   After the sale, and before the period for redemption

had expired, the loss occurred, the respondent still being in possession of the premises.

The question for consideration is, whether this foreclosure sale was "a sale, transfer, or change in title," within the meaning of the foregoing condition, such as avoided the policy.

In construing a condition of this character, if, upon a consideration of the whole contract, it is uncertain whether the language of the stipulation is used in an enlarged or restricted sense, or if it is fairly open to two constructions, one of which will uphold and the other defeat the claim of the insured to the indemnity which it was his object in making the insurance to obtain, that should be adopted which is most favorable to the insured, and most in harmony with such, the main purpose of the contract on his part. The reasons for this are two-fold: the tendency of any such stipulation is to narrow the range and limit the force of the underwriter's principal obligation. It is also inserted by him for his own benefit and in language of his own choice. If any doubt arises as to its meaning the fault is his in not making use of more definite terms in which to express it; hence the rule of strict construction against him, and the liberal one in favor of the assured, which prevail under such circumstances. *Hoffman* v. *Ætna Ins. Co.* 32 N. Y. 405; *Westfall* v. *Hudson Riv. Ins. Co.* 2 Duer, 495; *Ins. Co.* v. *Wright,* 1 Wall. 456; *West. Ins. Co.* v. *Crapper,* 32 Pa. St. 351.

Applying these principles, a correct interpretation of this condition of the policy would seem to be attended with but little difficulty. In the first place it makes a sale or transfer of the property a cause for avoiding the policy. Within the meaning of the stipulation this refers to an absolute and completed, and not a conditional or incomplete, sale or transfer; in other words, a sale that wholly divests the owner of the property of all insurable interest therein.

The succeeding clause, which gives a like effect to any "change in title, * * * whether by legal process, judicial degree, or voluntary transfer or conveyance," has reference to

'an- absolute transfer of the legal title in one of these ways,'
though such transfer, as in the case of a conveyance in trust,
or by a deed, absolute in terms, but intended merely as a
security, might not operate to divest the owner of the property
of all his insurable interest therein.

In our judgment nothing short of a complete transfer of the
legal title comes within the prohibition of this stipulation.
The mere creation of a lien or encumbrance upon the property
insured cannot be regarded as effecting "any change in title,"'
either in the legal sense or according to the ordinary and
popular understanding. "In legal acceptation," says *Allen,*
*J.*, in *S. F. & M. Ins. Co.* v. *Allen*, (43 N. Y. 389,) "title has
respect to that which is the subject of ownership, and is that
which is the foundation of ownership; and with a change of
title, the right of property, the ownership, passes." As applied
to real estate, it is defined to be "the means whereby the
owner of lands or other real property has the just and legal
possession and enjoyment of it;" "the lawful cause or
ground of possessing that which is ours." (2 Bouv. Law.
Dict. 986.)

In this sense, which is also the ordinary and popular one in
which the word is used, a "change in title" is a change in
ownership, which carries the legal right of possession and
property, and it is in this sense we must understand the
word as having been used in this clause.

Although within the meaning of the registry laws a mort-
gage of real estate is defined to be a conveyance, yet under
our laws it is not deemed a conveyance in the sense of passing
any estate or interest in lands, or transferring any legal title
thereto. The only interest which a mortgagee acquires is a
lien upon the land in way of security, which, prior to the fore-
closure of the right of redemption, is treated as personal prop-
erty that goes to the administrator or executor, and not to the
heirs. The legal title, with the right of possession, remains,
with the mortgagor until a completed foreclosure is had by
sale, and the same becomes absolute by the expiration of the

period for redemption. Until this time expires the purchaser at the sale has only a chattel and equitable interest. He has no legal title to the lands, nor any conveyable estate therein. The character of his interest is the same as that of a mortgagee before foreclosure sale. Gen. St. *c.* 52, §11; Id. *c.* 75, § 11; *Donnelly* v. *Simonton*, 7 Minn. 110, (167;) *Horton* v. *Maffitt*, 14 Minn. 290–292.

Neither is a foreclosure by advertisement "legal process" or a "judicial decree." The proceedings in this kind of a foreclosure are carried on wholly outside of court, and without the aid of its process or decree. It is obvious, then, that neither the giving of the mortgage nor the sale of the premises on foreclosure, the time for redemption not having expired, effected any change in title or possession in respect to the property insured, and did not, therefore, avoid the policy.

Order affirmed.