WASHINGTON BORIGHT *vs.* SPRINGFIELD FIRE & MARINE INSURANCE COMPANY.

December 12, 1885.

**Insurance on Animals—Construction of Policy.** — Defendant insured plaintiff against loss or damage by fire "on his horses and colts while in barn, and by lightning only while in use, or running in pasture, or yard on his farm, in the town of Le Sueur." *Held,* that the risk against lightning, while the horses were "in use" or "running in pasture," was not limited to the farm occupied by plaintiff at the date of the issue of the policy, but extended to any place in the town of Le Sueur.

**Same—Evidence—Alteration of Policy.**—Upon an issue made by defendant that the punctuation of the policy had been altered after its issue by the insertion of certain commas, so as to change its meaning, *held,* that it was not competent to introduce in evidence a former policy issued by defendant to plaintiff on the same class of property, and against the same class of risks, for the purpose of showing that it was punctuated differently.

**Appeal — Case not Purporting to Contain all the Evidence.**—Where the record, neither in the body of the case nor in the judge's certificate, purports to contain all the evidence, this court cannot presume that there was no other evidence tending to support the verdict or findings, (following former decisions.)

Appeal by defendant from an order of the district court for Le Sueur county, *Macdonald,* J., presiding, refusing a new trial.

*Berry & Morey,* for appellant.

*Cadwell & Parker,* for respondent.

MITCHELL, J. Action on a policy of insurance, to recover the value of a colt alleged to have been killed by lightning. The policy was

issued December, 1883.   At that time plaintiff owned and occupied
a farm in the town of Le Sueur.   In 1884 he leased a pasture in the
same town, but distant some two miles from the farm referred to.
The colt was killed in July, 1884, while in this pasture.   The here
material part of the policy is that the defendant insured the plaintiff
against damage or loss by fire, to the amount of $500, "on his horses
and colts while in barn, and by lightning only while in use, or run-
ning in pasture, or yard on his farm, in the town of Le Sueur.
Minn."

Aside from that of the cause of the death of the colt, the principal
issue of fact upon the trial was whether this policy had been, as con-
tended by defendant, altered after its execution by inserting commas
after the words "pasture" and "farm," respectively.   It may admit
of serious doubt whether the presence of these commas would in any
way affect the meaning of the policy.   It has been well said that
punctuation is a most fallible standard by which to interpret a writ-
ing.   It may be resorted to when all other means fail; but the court
will take the instrument by its four corners in order to ascertain its
meaning.   If that is apparent on judicially inspecting the whole, the
punctuation will not be suffered to change it.   *Ewing* v. *Burnet*, 11
Pet. 41.

But be this as it may, the policy with its present punctuation is
fairly and reasonably susceptible of the construction claimed for it
by plaintiff, to wit, that it covered the horses and colts while in use,
or while at pasture, anywhere in the town of Le Sueur; and that the
risk was not limited to the farm of plaintiff; and, even if it was equally
susceptible of another meaning, it should be construed most strictly
against the insurer.   In determining whether a loss is within the
policy, so far as location is concerned, the nature of the property and
the uses to which it is devoted may be considered in construing the
language used, in order to ascertain the meaning of the parties, un-
less the location is specifically defined.   Wood, Fire Ins. 109.   This
was not inanimate property, like household goods, having a fixed lo-
cation, but animals designed for domestic use on the farm and else-
where, as occasion required.   The place of use, as well as the place
of keeping them, would necessarily change from time to time,—a fact
v.34m—23

which the parties must be presumed to have understood. If the risk when the animals were at pasture is to be limited to this farm, the risk while they were in use must be limited to the same location; for, as the policy reads, we see no room for any distinction. Had the insurer intended to limit the risk to the farm then owned by plaintiff, it could, and naturally would, have used more explicit and unambiguous language.

2. The policy, also the record of it kept by defendant's agent, and the report of it sent by him to the company, were all introduced in evidence by defendant without objection, and examined and compared upon the issue as to the alleged alteration. The defendant then offered a former policy issued to plaintiff by defendant, through the same agent, on the same class of property, and against the same class of risks, but for a smaller amount; also the agent's record and report of it. These were offered for the purpose of showing that they contained no such commas. The inference sought to be drawn from this fact was that the policy in suit, as issued, did not contain these commas; and this inference was based upon the assumption that the agent punctuated both policies alike. In our judgment, the evidence was inadmissible; the record and report for the manifest reason that they were the mere statements of defendant's agents, and the policy for the reason that there is no presumption that the second policy was worded or punctuated the same as the first. There was no evidence that the second was copied from the first, or that there was any agreement of the parties to that effect. The second policy was in no proper sense a renewal of the first, although the first was surrendered and cancelled when the second was issued. It was in itself a new, complete, and independent contract. Whatever moral force there may be in the suggestion that the agent would probably write and punctuate the second policy the same as the first, it certainly has no legal probative weight whatever.

3. The only other point made is that the findings are not sustained by the evidence. Inasmuch as the record, neither in the body of the case nor in the judge's certificate, purports to contain all the evidence, the question cannot, under the repeated rulings of this court, be considered. *Henry* v. *Hinman,* 21 Minn. 378; *Koethe* v. *O'Brien,*

32 Minn. 78; *Craver* v. *Christian*, 32 Minn. 525. And even if the record purported to contain all the evidence, although the testimony as to the cause of the death of the colt is quite scant, yet we hardly think we would be justified in saying that there was not enough to sustain the finding.

Order affirmed.