EMILY OLSON and another *vs.* ST. PAUL FIRE & MARINE INSURANCE COMPANY.

July 14, 1886.

Fire Insurance — Construction of Policy — "Contiguous" Building.—
A policy of insurance, issued upon a dwelling-house owned by plaintiff, contained the following condition: "If the risk shall be increased by the erection or use of any building *contiguous* thereto, without the consent of this company indorsed thereon, this policy shall be null and void." *Held,* that a building erected at a distance of 25 feet is not to be construed as *contiguous,* within the meaning of the condition, and the policy was not avoided thereby.

Same—Condition to be Construed against Insurer.—It is a well-settled rule of construction that the language of a condition in a policy, being that of the insurance company, and selected by it, must be clear and unambiguous, and any doubt as to its meaning must be resolved in favor of the policy-holder.

Appeal by defendant from a judgment of the district court for Hennepin county, where the action was tried by *Young,* J., without a jury.

*Lusk & Bunn,* for appellant.

*Cross, Hicks & Carleton,* for respondent.

VANDERBURGH, J.   The defendant seeks to defeat a recovery in this action, on account of a breach of one of the conditions in a policy of insurance issued upon the dwelling-house of plaintiff, which runs as follows: "If the risk shall be increased by the erection or use of any building contiguous thereto, * * * without the consent of this company indorsed thereon, then, and in every such case, this policy shall be null and void."   In respect to an alleged breach of this condition, the court finds that, subsequent to the issuance of the policy, a cooper-shop was erected and operated at a distance of 25 feet from the building insured; and that the risk was thereby greatly increased; and that the loss in question resulted from fire communicated from such shop; and that the defendant never consented to the erection of the shop, and received no notice thereof from the plaintiff.   It further appears that the plaintiff did not own the land

upon which the shop was built, and that a strip of land 10 feet in width between the insured property and the shop was owned by a stranger.

The increased risk does not appear to be due to any act of the assured, and the condition under consideration avoided the policy only for increased risk caused by the erection of a building *contiguous* to the insured property. In the judgment of the trial court the shop was not contiguous to the dwelling insured, under a proper interpretation of the terms of the policy. This construction is, we think, the correct one. It may be that the insurance company intended, by the language used, to include a case like this, because the new building was sufficiently near to greatly increase the hazard to the insured dwelling, though not closely joined to it. It is a well-settled rule of construction that the language of a condition in a policy, being that of the underwriters, and selected by them, must be clear and unambiguous, and any doubt as to its meaning must be resolved in favor of the policy-holder. *Chandler* v. *St. Paul F. & M. Ins. Co.*, 21 Minn. 85; *Loy* v. *Home Ins. Co.*, 24 Minn. 315; *Cargill* v. *Millers', etc., Ins. Co.*, 33 Minn. 90, (22 N. W. Rep. 6.)

The situation of the buildings in question was not such as to warrant the court in adjudging them to be "contiguous." The term must be given its proper definition and meaning, as commonly received and understood, to the end that policy-holders may not be misled or left in doubt as to their duty. See Webst. Dict. "Contiguous" and "Adjacent." Plaintiff's building was separated and detached from other buildings when insured. It in fact remained so when destroyed. But the defendant insists that the term "contiguous," as here used, does not mean merely adjoining, or in immediate proximity, but that it is also applicable to objects "near by," and that, upon the facts of this case, it should be held that the shop was sufficiently near to be within the condition. This construction is not admissible. The matter would be left altogether too doubtful and ambiguous for the protection of the assured. We cannot hold that a building 25 or any particular number of feet from a detached dwelling is contiguous to it. *Arkell* v. *Commerce Ins. Co.*, 69 N. Y. 191; *ill* v. *Hibernia Ins. Co.*, 10 Hun, 26. If the company intended to
v.35m—28

terminate the policy in consequence of the erection of a building within a certain distance of the insured property without its permission, it should have plainly so indicated, by defining the distance, or by the use of appropriate terms.

Judgment affirmed.