ANDREW DE GRAFF, Executor, *vs.* QUEEN INSURANCE COMPANY.

June 12, 1888.

Insurance—Construction of Policy—Description of Situation of Property.—The language of a condition of an insurance policy must be clear and unambiguous, and any reasonable doubt as to its meaning must be resolved in favor of the insured. Such policies must also be construed with reference to the nature of the property insured, and the uses to which it is ordinarily put, so as to give them, if possible, a meaning reasonably applicable to the kind of insurance upon that particular species of property. These rules applied to an insurance of live-stock, on a farm, against lightning; and words describing the stock as being in a certain barn construed as mere matter of description, and not a promissory stipulation on part of the insured, or a condition on part of the insurer, that such location should remain unchanged.

Appeal by defendant from an order of the district court for Ramsey county, *Kelly*, J., presiding, refusing a new trial. The action was brought by plaintiff's testator, Charles A. De Graff, who died after verdict.

*Spooner & Spooner*, for appellant.

*W. D. Cornish*, for respondent.

MITCHELL, J. This was an action on a policy of insurance, to recover the value of a brood mare, which was killed by lightning, April 20, 1886. The policy was issued in November, 1882, to plaintiff's testate, the owner of the farm described, and insured him, for the period of five years, against loss or damage by fire to the property described, to the amount of $7,500, distributed as follows: $1,000 on his one and one-half story wood dwelling; $250 on his household furniture therein; $3,000 on his wood barn; $2,500 on live-stock therein; $750 on his wood hog-house,—all situated on N. E. ¼ section 4, township 107, range 24, township of Aulton, Waseca county, Minn. It was stipulated in the policy that it should cover loss or damage by lightning, whether fire ensued or not. The policy also provides "that the said company shall not be liable for more than the sum or sums insured, nor the interest of the insured, except as hereinafter provided, *as specified upon the property described in the places herein set forth, and not elsewhere.*" At the time this policy was issued, the live-stock on the farm, (including this mare,) when housed, were usually kept in the barn described in the policy, but were turned out to pasture during the summer. After the policy was issued, and shortly before the loss, the insured built upon the farm a new barn, 200 or 300 feet distant from the old one. Four or five weeks before the loss, he put the mare in the new barn, where she remained until killed by lightning. The insured testified that this removal was temporary; but he stated no definite time when he intended to return the mare to the old barn, and the evidence shows that the only reason for the change was one of convenience in caring for the animal. No claim is made that the risks insured against were greater in one barn than in the other. The contentions of the appellant are (1) that, under the policy, the mare remained insured only when in the wood barn described, and not elsewhere; and, (2,) even if the policy

is not construed thus strictly, she would remain insured only while removed temporarily for some purpose incident to the ordinary use and enjoyment of the property; and that the removal to the new barn, for a period of several weeks, for no particular reason except the matter of convenience, was not a temporary but a permanent removal. Under the view we take of the case, both of these contentions can be disposed of together. The appellant rests his construction of the policy mainly upon the two clauses which we have italicized.

In the construction of such policies, there are two elementary rules: *First*. The language of a condition in a policy, being that of the insurer, selected by him, and intended for his benefit, must be clear and unambiguous, and any reasonable doubt as to its meaning must be resolved in favor of the insured. The tendency of such stipulations is to narrow the range of the underwriter's principal obligation; and, again, if the meaning is ambiguous, it is his own fault in not making use of more definite terms in which to express it. *Chandler* v. *St. Paul F. & M. Ins. Co.*, 21 Minn. 85; *Loy* v. *Home Ins. Co.*, 24 Minn. 315; *Cargill* v. *Millers', etc., Ins. Co.*, 33 Minn. 90, (22 N. W. Rep. 6;) *Boright* v. *Springfield F. & M. Ins. Co.*, 34 Minn. 352, (25 N. W. Rep. 796;) *Olson* v. *St. Paul F. & M. Ins. Co.*, 35 Minn. 432, (29 N. W. Rep. 125.) A *second* rule is that the language of a policy must be construed with reference to the nature of the property to which it is applied. Such policies must be presumed to have been made with reference to the purposes for which such property is ordinarily used, as well as the manner in which it is usually kept. *Holbrook* v. *St. Paul F. & M. Ins. Co.*, 25 Minn. 229; *Boright* v. *Springfield F. & M. Ins. Co.*, *supra*. It may be added, as within this rule, that the terms and conditions of a policy should be construed, if possible, so as to give them a meaning reasonably applicable to the kind of insurance upon the particular species of property insured.

Turning now to the two clauses in the policy relied on by appellant, and taking up the last one first, we remark that, after much consideration and discussion, we have been unable to arrive at any certain or satisfactory conclusion as to what it does mean, except that the clause quoted, taken as a whole, was intended to make assurance doubly sure that the policy was a "specific" and not a

"blanket" one. Appellant construes the expression, "as specified upon the property described, in the places herein set forth and not elsewhere," as meaning that the property remained insured only while in the wood barn, and not elsewhere. But, in framing this proposition, counsel himself finds it necessary to use the words "only" and "while;" neither of which, nor their equivalents, are to be found in the clause itself. If it was intended to insert any such condition in the policy, it ought to have been so expressed that "he who runs may read." The clause is, at least, equally susceptible of the construction that the expression, "as specified, upon the property described, in the places herein set forth," refers back to the description of the property given in the previous portion of the policy, so as to limit the insurance and the several amounts, respectively, to the property already described as in those places; and that the expression "and not elsewhere" is added merely to express in negative form what is already expressed affirmatively. If it will reasonably admit of such a construction, it must be adopted in favor of the insured. So construed, it neither adds to nor takes from the force of the description first given, viz., "live-stock therein," and the policy may be construed as if this was the only statement as to the location of the property.

In this case a single form of policy is used to cover two kinds of risk, viz., fire and lightning; and to cover three classes of property, viz.: buildings, which are fixed and immovable; household furniture, which, although movable, is ordinarily kept and used permanently in one place; and, lastly, live-stock, which, from its very nature, must necessarily change its location from time to time. The form of policy here used is an ordinary fire policy, adapted more especially to insurance of inanimate property against fire, but made to cover live-stock, and having a "lightning" clause inserted. Hence words descriptive of location might, as to one class of property, or as to one kind of insurance, be treated as a statement of a fact relating to the risk, and as amounting to a stipulation or condition that the property should remain there; while as to another class of property, or as to the other kind of insurance, it might be construed as mere description for the purposes of identification. This action is to recover

for the loss of live-stock by lightning, and the language of the policy must therefore be construed as applied to insurance upon that particular species of property. The parties must be presumed to have known that danger from lightning exists almost wholly in the summer, when live-stock is out in the fields. No man of common sense would take a policy of insurance against lightning which only covered his stock when in a particular barn. Such stock cannot well be, and is not usually, kept permanently in a building. The ordinary uses to which it is put forbid it; and the usual and proper treatment of it requires that it be turned out to pasture about one-half the year at least. According to the usual course of farming operations, it is not customary to treat an animal, even when housed, as attached to some particular building, as a part of its contents, but to change its place of stabling from time to time, as necessity or convenience may require. The parties must be presumed to have had all these facts in view when they made this contract. If appellant's contention be correct, this policy would not cover a loss occurring while the stock is out at pasture, during the summer, for that could hardly be called a temporary removal from the barn for some temporary purpose incident to the ordinary use and enjoyment of the property. Again, the property was insured for five years. Suppose the barn described in the policy had been destroyed the next day after the policy was issued; according to appellant the insurance on the stock would have terminated forever. Any such construction would defeat the main purpose of the contract.

In view of these considerations, our conclusion is that the statement in the policy that the stock was in this barn is not a promissory stipulation on the part of the insured, or a condition of insurance on part of the insurer, that such location should remain unchanged, but, as to that class of property, and as to that kind of insurance, at least, is mere matter of description for identification of the property insured, indicating that it was the stock which was usually kept in that barn at that time. *Everett* v. *Continental Ins. Co.*, 21 Minn. 76; *Holbrook* v. *St. Paul F. & M. Ins. Co.*, 25 Minn. 229. In this view of the case it becomes wholly immaterial for what purpose or for what length of time the mare was removed from the old barn to the new.

In changing her location from one barn to another on the same farm as convenience required, the insured was treating her precisely as any farmer would and might do in the ordinary way of managing stock.

Order affirmed.