JAMES ETHINGTON *et al.*, Respondents, v. DWELLING HOUSE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, November 20, 1893.

1. **Insurance**: STIPULATION AGAINST CHANGE OF TITLE: UNPAID MORTGAGE DEBT. A mortgage existed at the time the insurance was effected, after the debt became due, and before it was paid, a loss occurred. *Held*, such default in payment did not avoid the policy under the stipulation therein, providing that any change in the interest, title or possession, etc., rendered it void.

2. **Mortgage**: EFFECT OF DEFAULT IN PAYMENT: SECURITY. Though, on failure to pay the debt according to the terms, the legal title passes to the mortgagee, yet the substantial interest remains where it was before the mortgage is still a mere security for the debt.

3. **Insurance**: CONSTRUCTION OF TERMS OF POLICY. In the solution of language of doubtful import, as it may appear in the policies of insurance, the courts will resolve the doubts in favor of the assured for the reason that such clauses are interjected into the policy for its protection and serve to qualify and restrict its main obligation; and in this case, it is assumed that the language was intended to have such meaning as people ordinarily affix to it.

*Appeal from the Daviess Circuit Court.*—HON. CHAS. H. S. GOODMAN, Judge.

AFFIRMED.

*Joshua F. Hicklin* and *Ed. E. Yates* for appellant.

(1) The demurrer to the defendant's answer should not have been sustained. By it the truth of every fact stated in the answer was admitted. The answer alleges that the title to the dwelling house insured was changed

VOL. 55—9

by virtue of the provisions of a certain deed of trust and the maturity of the debt thereby secured. The demurrer admits this to be true. The policy provides that change of title or interest of the subject of the insurance shall avoid the contract. Upon what theory of pleading, then, could the demurrer be sustained? (2) But, aside from this question of pleading and the fact that the court committed error in sustaining plaintiff's demurrer, our position on the merits of the case may be briefly stated thus: The fact that the mortgage debt became due and was permitted to so remain until after loss avoided the policy, because of the change of interest and title caused thereby. In this position we are fully sustained by the recent case of *Holloway v. Ins. Co.*, 48 Mo. App. 1, *loc. cit*, bottom 5, top 6. (3) What is the change in interest or title? Before default the mortgagor was the owner of the legal estate, not only as against third persons, but as against the mortgagee; after default, the legal title passed immediately to the mortgagee, or trustee for the mortgagee, as in this case, and the mortgagee then became entitled to immediate possession; could maintain ejectment and was entitled to the rents and profits to be applied to the extinguishment of the debt. This, we contend, worked a change in the interest or title of the assured strictly within the condition of the policy heretofore quoted. *Pease v. Iron Co.*, 49 Mo. 124; *Johnson v. Houston*, 47 Mo. 227; *Siemers v. Schrader*, 88 Mo. 23. If the law upon any one proposition of insurance law is well settled, it is to this effect, that, under a condition such as we have in our policy, a mortgage does work a change of interest. As passing upon the identical language in question, we cite *Olney v. German Co.*, 88 Mich. 94; s. c., 50 N. W. Rep. 100. As also fully sustaining this position. *Fire Co. v. Clarke*, 15 S. W. Rep. 166; 79 Tex. 23; *Sassman v.*

*Pamlico Co.*, 78 N. C. 145; *Tatham v. Commerce Co.*, 4 Hun, 136; *Sherwood v. Agricultural Co.*, 73 N. Y. 447; *Germond v. Home*, 2 Hun, 540. To which might be added not a current, but a torrent, of like authorities.

*Alexander & Richardson* and *W. D. Hamilton* for respondent.

As to the sufficiency of the new matter set up in the answer to constitute a defense, we hold that the maturity of the debt secured by the trust deed, although the legal title to the premises, the subject of the insurance thereby vested in the trustee did not constitute a change in the interest, title or possession of the subject of nuisance, · either by legal process, or judgment or by voluntary act of assured, within the meaning of the policy. In construing a condition of this character, if, upon a consideration of the whole contract, it is uncertain whether the language of the stipulation is used in an enlarged or a restricted sense, or, if it is fairly open to two constructions, one of which will uphold, and the other defeat, the claim of the insured to the indemnity which it was his object in making the insurance to obtain, that should be adopted which is most favorable to the insured, and most in harmony with such, the main purpose of the contract on his part. The reasons for this are twofold: the tendency of any such stipulation is to narrow the range and limit the force of the underwriter's principal obligation. *Loy v. Ins. Co.*, 24 Minn. 315 (34 Am. Rep. 346); *Hoffman v. Ins. Co.*, 32 N. Y. 405; *Westfall v. Ins. Co.*, 2 Duer, 495; *Ins. Co. v. Wright*, 1 Wall. 456; *Ins. Co. v. Cropper*, 32 Penn. St. 351. Forfeitures are odious to the law, and when policies are burdened with conditions rendering it exceedingly difficult for the assured to observe them, the courts will not strain for a construc-

tion of these conditions that will defeat a recovery, but content themselves with giving the language a fair and reasonable construction. *Ins. Co. v. Walsh*, 54 Ill. 164; 5 Am. Rep 115; *Loy v. Ins. Co.*, 24 Minn. 315; 31 Am. Rep. 346; *Ins. Co. v. Lawrence*, 4 Metcalf, 9; 81 Am. Dec. 521; *Jackson v. Ins. Co.*, 23 Pick. 418; 34 Am. Dec. 69; *Ayers v. Ins. Co.*, 17 Iowa, 176; 85 Am. Dec. 553; *Assurance Co. v. Scammon*, 9 Am. St. Rep. (126 Ill. 355) 607; *Smith v. Ins. Co.*, 25 Am. St. (91 Cal. 323) 191; *Powers v. Ins. Co.*, 36 Am. Dec. (19 La. 28) 665; *Ins. Co. v. Hayes*, 19 Am. Dec. (17 Ohio St. 432) 628; *Ins. Co. v. Hoffman*, 125 Pa. St. 625; *Ins. Co. v. Vanlue*, 126 Ind. 410; *Ins. Co. v. Kelly*, 3 Am. Rep. (32 Md.) 149.

GILL, J.—This is an action to recover for the loss by fire of plaintiffs' dwelling house, on which defendant had issued its policy of insurance. The material part of defendant's answer was as follows: "Defendant admits that it did, on the nineteenth day of March, 1888, issue to plaintiffs its certain policy of insurance, by the terms of which it insured certain property, real and personal, in said policy described, said real estate being situated as described in plaintiffs' petition. That, among other things in said policy of insurance, it was expressly provided that *if any change takes place in the interest, title or possession of the subject of insurance,* whether by legal process or judgment, or by voluntary act of the insured, or otherwise, the entire policy, so issued to plaintiffs by defendant as aforesaid, shall be void.

"Defendant states that on the fifth day of January, 1887, plaintiffs made, executed and delivered their certain deed of trust conveying the real estate upon which was situated the dwelling house insured by said policy, to Thomas J. Jeffries, trustee, to secure a certain debt

in said deed described, due two years from said date. That on the fifth day of January, 1889, said debt became due, and remained due and unpaid until after the alleged loss by fire complained of in plaintiffs' petition. That the title and interest of plaintiffs in and to said real estate, on said fifth day of January, 1889, became and was vested in the trustee in said deed of trust, and was by him held in trust for the beneficiary therein named from and after said date until the happening of said loss. Therefore defendant says that the title and interest of the plaintiffs in and to the said dwelling house, the subject of the insurance, became, and was changed within the meaning of the condition in said policy of insurance hereinbefore recited, and the said entire policy became at said date of the loss complained of, void and of no legal effect whatever."

The court sustained a demurrer to this answer, on the ground that it failed to state any defense, and the propriety of so doing is the question for our determination.

I. These facts are admitted by the demurrer: On March 19, 1888, defendant issued its policy of insurance for the period of five years on plaintiffs' dwelling house. At that time there was a deed of trust on the real estate, executed in January, 1887, to secure a note of plaintiff due in January, 1889, and when the house was burned this incumbrance was past due and unpaid.

Now, the point is this: Did the subsequent default in failing to pay off the incumbrance which existed at the date of the policy, work such a change in the plaintiffs' interest, title or possession as to invalidate the policy under the provision that, "if any change take place in the interest, title or possession of the subject of insurance   *   *   *   then the entire policy shall be void?" We are clearly of the opinion that it did not.

Defendant's counsel contends that by the failure of the plaintiff mortgagor to pay off and discharge the mortgage when due the title passed to the mortgagee, or trustee, and for that reason there was a change in the title and interest of the assured. But this contention is more technical than substantial. Admitting that when the mortgagor fails to pay the debt according to the terms of his promise the legal title passes to the mortgagee, yet the substantial interest in the property remains where it was before—in the mortgagor. The mortgage is, even after condition broken, merely a security for the debt. This passing of the technical legal title to the mortgagee when the mortgagor is in default is for nothing else but to protect the debt and to arm the mortgagee, or trustee, with the means of foreclosure. The mortgagee, or trustee, may on default proceed to utilize the security; may go on and sell the property or foreclose in court, as the case may be, or may even take possession and appropriate the rents to the liquidation of the debt. But, until he does so move, the mortgagor in possession substantially owns the property. He has, in the popular and ordinary use of the term, before and after condition broken, all the title and interest he had before maturity of the debt—that is, to pay off the claim and hold an absolute, unincumbered title.

In the solution of language of doubtful import, as it may appear in these policies of insurance, the courts will resolve the doubts in favor of the assured, for the reason that such clauses are interjected into the policy by the underwriter, and for its protection, and serve to qualify and restrict its main obligation. And if then the company desires to qualify or impair its obligation to pay the loss, it should use plain and unambiguous language. We will assume, too, that language, such as here used, was intended to have such meaning as

people ordinarily affix to to it; and we think it unquestioned that it would never be considered that a mortgagor had lost his interest or title to the property simply because he had not paid promptly the debt as he had agreed. In support of the foregoing we refer to: *Loy v. The Home Ins. Co.*, 24 Minn. 315; *Hartford Fire Ins. Co. v. Walsh.* 54 Ill. 164–168; *Bailey v. Winn*, 101 Mo. 656; *Jackson v. Ins. Co.*, 23 Pick. 418; *Pease v. Pilot Knob Iron Co.*, 49 Mo. 128.

Our conclusion, then, is that the matter set up in defendant's answer constituted no defense, and the trial court rightly sustained a demurrer thereto.

Judgment affirmed. All concur.