JOHN COTTER v. ROYAL NEIGHBORS OF AMERICA.

June 9, 1899.

Nos. 11,673—(168).

**Life Insurance—Suicide—Insanity.**

A certificate of membership in the defendant, a fraternal beneficiary association, provided that "if the member holding this certificate * * * shall die * * * by any means or act which, if used or done by such member while in possession of all natural faculties, would be deemed self-destruction, * * * then this certificate shall be null and void." The member came to her death by taking a quantity of carbolic acid sufficient to cause death, administered by her own hands, not by accident; and at the time she took the carbolic acid she was mentally insane, and did not understand the moral quality of her act. *Held*, that the certificate of membership was null and void; that the act of the member was one which, if done by a sane person, "would be deemed self-destruction."

Action in the district court for Mower county by the guardian of Willie T. Egan, the beneficiary named in a certificate of membership issued by defendant to Mary Egan, deceased, to recover the sum of $1,000, payable on her death. The case was tried before Kingsley, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendant appealed. Reversed.

*J. G. Johnson* and *B. D. Smith*, for appellant.

*Greenman & Dowdall*, for respondent.

MITCHELL, J.

This was an action brought by the beneficiary upon a certificate of membership issued by the defendant to one Mary Egan, now de-

ceased. The facts stipulated on the trial were that Mary Egan came to her death by taking a quantity of carbolic acid, sufficient to cause death, administered by her own hands, not by accident, and that at the time she took said carbolic acid she was mentally insane, and did not understand the moral nature of her said act. The certificate of membership provided:

"If the member holding this certificate   *   *   *   shall die *   *   *   by any means or act which, if used or done by such member while in possession of all natural faculties, would be deemed self-destruction,   *   *   *   then this certificate shall be null and void."

The defense, of course, was that under this provision the certificate was, upon the stipulated facts, null and void. The trial judge, in his memorandum, says that this provision is susceptible of two constructions,—one in favor of the theory of the plaintiff, and the other in favor of the theory of the defendant,—and that, in accordance with a familiar rule in the law of insurance, he would adopt the construction favorable to the plaintiff; but he does not state what that construction was. If we could agree with the learned trial judge that the provision is reasonably susceptible of a construction favorable to the plaintiff, we would readily and even gladly concur in his conclusion. But, on the contrary, we think that there is no ambiguity in the provision, and that it will admit of but one construction, and that the one contended for by the defendant.

It is difficult to find language in support of this view that will make it more plain than that used in the certificate itself. It was evidently adopted, in view of the decisions of the courts on the subject, so as to exempt the company from liability in case of the self-destruction of the insured, whatever might have been her mental condition at the time of the act. There can be no doubt that taking a deadly dose of poison by a person in possession of all his natural faculties, when administered by his own hand, not by accident or by mistake, would be deemed self-destruction. The contention of the plaintiff is that the true construction of this provision, or at least one of which it is reasonably susceptible, is that it means an act of the insured to be done by herself while sane.

We see no possible ground upon which any such construction can be sustained. The only ambiguity in the language which occurs to us as capable of being urged with any degree of plausibility is that there is no restriction as to the person by whom the means or act is to be used or done. But, taking the whole provision together, there is no ambiguity even on that point. The clause, "which, if used or done by such member while in possession of all natural faculties, would be deemed self-destruction," sets that question at rest. We see no escape from the conclusion that upon the stipulated facts the certificate of membership was null and void.

The judgment is reversed and remanded, with directions to the court below to amend his conclusions of law in accordance with this opinion, and, upon the facts found, to order judgment in favor of the defendant.

COLLINS, J. (dissenting).

I cannot agree with the statements in the main opinion in this case that there is no ambiguity in the clause in the certificate, and that it would be difficult to find language which would make plainer what the majority hold to be the meaning of the provision over which the litigation has arisen. I think the language ambiguous, because it does not clearly appear whose act is to render the certificate null and void. If it was intended to guard against the act of the member, whether sane or insane when the act was performed, the English language is not so poverty-stricken as to render this at all difficult, or to require that the real intent be made questionable. The provision is that if the member shall die by any means or act which, if used or done by such member while in possession of all natural faculties, would be self-destruction, the certificate shall be null. If the member had been shot down by an assassin, the means or act used or employed to bring about the death would have amounted to self-destruction if used or employed by the member himself. This is a literal construction of this clause, and illustrations of like character might easily be multiplied. To hold in favor of the defendant association in this instance results in a forfeiture, and, whenever there is a doubt as to the meaning of the terms of a forfeiture clause in an insurance cer-

tificate or policy, the language should be construed most strongly against the insurer. I quite agree with what has been said by Wallace, J., when called upon to construe a clause in a policy in the case of American Credit Indemnity Co. v. Wood, 73 Fed. 81, 88, a case of the same general nature, as follows:

"If, by the introduction of a subsequent and obscure clause, difficult to understand, or requiring expert knowledge for its comprehension, the preceding clauses, plainly and unequivocally expressed, by which the" primary liability of the insurer "is fixed, are nullified, the subsequent clause must be ignored. It cannot be permitted to operate as a snare to the unwary."

I cannot concur in the construction placed upon the forfeiture clause in the certificate in question, and believe that it is so adroitly worded as to mislead or mystify the ordinary person. I therefore dissent.

BUCK, J.

I concur in the dissenting opinion of Justice COLLINS.