ISABELLA T. W. ROBSON and Another v. UNITED ORDER OF FORESTERS.[1]

July 15, 1904.

Nos. 13,959—(191).

**Life Insurance—Contract.**

Certain benefit certificate or policy of insurance construed. *Held*, that the contract of insurance involved must be deduced from the application, the policy, the by-laws of the order, and the answers of the insured to all questions contained in the medical examination, involving her physical condition.

**Suicide of Insured.**

Prior decisions affirmed, in which this court held:

(a) Where the policy is silent upon the subject, the insurer is liable in the event of suicide by the insured.

(b) Where a policy of insurance provides against such liability in general terms, the insurer is not liable in the event of intentional self-destruction while sane, but is liable if the insured was insane.

(c) Where the policy provides against liability in the case of suicide by either a sane or insane person, such a provision is binding upon the parties to the contract.

**Construction of Contract.**

A contract of insurance prepared by an insurance company will be construed liberally as against the insured, and strictly as against such company.

[1] Reported in 100 N. W. 381.

Action in the district court for St. Louis county to recover $1,000 and interest upon a "benefit certificate" of insurance issued by defendant to Agnes Campbell, with indemnity, in case of her death, payable to plaintiffs. The case was tried before Dibell, J., who found in favor of plaintiffs for the sum demanded. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Baldwin, Baldwin & Dancer,* for appellant.

*Greene & Wood* and *A. L. Agatin,* for respondents.

DOUGLAS, J.

Action upon a life insurance policy in a fraternal society. From a judgment in favor of plaintiffs, defendant appeals.

On July 3, 1900, defendant issued its policy of insurance for $1,000 to Agnes Campbell, payable upon her death to plaintiffs. On July 8, 1902, the insured, while insane, killed herself other than in an accidental manner. The liability of defendant depends largely upon the force and effect to be given a certain clause signed by the assured, following the questions and answers in the medical examination papers, which reads:

> I hereby consent that any benefit certificate or contract of or for insurance on my life in or by said Order shall be absolutely null and void, provided my death is occasioned by suicide in any manner whatsoever either while sane or insane.

The by-laws of the company provided that, in case of death by suicide, the policy shall be void. The policy and application of insurance, so far as material, are as follows:

> Policy: That in consideration of the statements and representations contained in the application for membership, and the answers and statements contained in the medical examination papers and the provisions of the constitution and laws prescribed from time to time by the Supreme Court of the United Order of Foresters, all of which statements, representations and provisions have been assented to by the applicants and are by the parties hereto referred to and made a part of this contract. * * * Application: I declare that I am in good sound mental and physical health, and agree that this declaration,

together with the answers in my medical examination paper and the law, rules, and usages of said Order, shall be part of my contract with said Order.

It is claimed on behalf of plaintiffs that the clause first above quoted, which was part of the printed form used by the medical examiner, formed no part of the contract of insurance which deceased applied for, or defendant was authorized to or did write. This was the view taken by the trial court.

Three propositions are settled in this state, as applied to life insurance in cases of suicide:

First. Where the policy is silent, the insurer is liable in the event of suicide. Mills v. Rebstock, 29 Minn. 380, 13 N. W. 162. Second. Where a policy provides against liability in case of suicide, the insurer is not liable in the event of intentional self-destruction while sane, but is liable if the insured was insane. Scheffer v. National Life Ins. Co., 25 Minn. 534. Third. Where the policy provides against liability in case of suicide by either a sane or insane person, such a provision is upheld. Cotter v. Royal Neighbors, 76 Minn. 518, 79 N. W. 542. This is the uniform rule elsewhere. Scarth v. Security, 75 Iowa, 348, 39 N. W. 658; Pierce v. Travelers, 34 Wis. 389; Billings v. Accident, 64 Vt. 78, 24 Atl. 656; De Gogorza v. Knickerbocker, 65 N. Y. 232; Riley v. Hartford Life & Annuity Ins. Co. (C. C.) 25 Fed. 315; Bigelow v. Berkshire Life Ins. Co., 93 U. S. 284; Travellers Ins. Co. v. McConkey, 127 U. S. 661, 8 Sup. Ct. 1360.

Agnes Campbell, a member of the order, applied for and obtained a policy or certificate of insurance from the defendant. It is clear, under the settled rule above stated, that this certificate or policy, read in connection with defendant's by-laws, bound it to pay the beneficiaries the amount named in the policy, in case of suicide committed by the insured while insane, unless the special waiver clause above quoted, which formed a part of the physician's report, was a part of the insurance contract, and operated to provide against a liability under such conditions. The disclosed plan of the order was to furnish insurance on the same basis to all qualified members who applied for it. The by-laws do not provide against a liability in case of suicide committed when insane. The attention of the insured was specially called to the by-laws

by an indorsement upon the certificate. On the other hand, the application for insurance, above quoted, signed by the assured and accepted by the order, definitely provided that the statements therein made,

> Together with the answers in my medical examination paper and the law, rules and usages of said Order, shall be part of my contract.

On the whole, we are of the opinion the contract of insurance in question must be deduced from the application, the policy, the by-laws of the order, and the answers of the insured to all questions contained in the medical examination as to her physical condition. Any statements contained in and forming a part of the printed form used by the physician, not responsive to his questions, cannot be construed as being a part of such contract.

The contract between the parties was made in piecemeal, and, when put together, its construction is doubtful. It having been promulgated by appellant, it will, as an entirety, be construed liberally as against the insured, and strictly as against the order. Chandler v. St. Paul F. & M. Ins. Co., 21 Minn. 85; Symonds v. Northwestern Mut. Life Ins. Co., 23 Minn. 491; Cargill v. Millers' & Mnfrs. Mut. Ins. Co., 33 Minn. 90, 22 N. W. 6; Olson v. St. Paul F. & M. Ins. Co., 35 Minn. 432, 29 N. W. 125; DeGraff v. Queen Ins. Co., 38 Minn. 501, 38 N. W. 696; Anoka Lumber Co. v. Fidelity & Casualty Co., 63 Minn. 286, 65 N. W. 353.

Upon the whole record, the findings of the trial court are supported by the evidence, and its judgment is hereby affirmed.

Judgment affirmed.